James Wayne **PIERCE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 756–87.

Court of Criminal Appeals of Texas, En Banc.

Nov. 22, 1989.

Max Blankenship, Fort Worth, for appellant.

Brock Smith, Former Dist. Atty., Patrick Morris, Dist. Atty., Kenneth G. Mahaffey, Asst. Dist. Atty., Decatur, Robert Huttash, State's Atty., and Carl E.F. Dally, Sp. Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant was convicted by a jury for the unlawful possession of methamphetamine in an amount less than twenty-eight grams. See TEX.REV.CIV.STAT.ANN. art. 4476–15. The jury assessed punishment at ten years in the Texas Department of Corrections. In an unpublished opinion the judgement of the trial court was reversed and the case was remanded by the Court of Appeals. *Pierce v. State*, No. 2–86–019 (Tex.App.—Ft. Worth 1987).

We granted discretionary review on the State Prosecuting Attorney's first and third grounds for review; and on the District Attorney's third and fourth grounds for review. The issues involved are whether the Court of Appeals erred in holding that a contempt of court and commitment order failed to authorize appellant's arrest; whether such an order is a "warrant" authorizing arrest; and whether the Court of Appeals erred in holding the arrest illegal on an issue that was never raised in the trial court.

The record reflects that two Wise County sheriff deputies, while investigating a controlled substance laboratory, stopped and detained the occupants of a vehicle in which appellant was a passenger. The purpose for the initial stop was to identify the occupants and ascertain their reason for being on the premises in proximity to the lab under investigation. The officers ran a routine check on the occupants of the vehicle and were advised of outstanding warrants for the driver and a contempt of court warrant for appellant. The officers promptly placed both men under arrest. Upon frisking appellant, they discovered $2960.00 in cash, two syringes and a clear plastic bag containing a white powdery substance. The substance in the bag was later identified as .57 grams of a white

powder containing methamphetamine. It was this evidence appellant unsuccessfully sought to exclude in his pre-trial motion to suppress.

During the suppression hearing appellant introduced a certified copy of all papers on file with the Johnson County District Clerk in the contempt case. These records reveal appellant's ex-wife filed a motion to have him held in contempt for failure to pay child support as previously ordered by the court. The papers indicate the court authorized service, under Tex.R.Civ.P. 106, by attaching a copy of the motion to the door of appellant's alleged address. The court's docket reveals that appellant was served under Rule 106, supra,[1] and failed to appear at the contempt hearing. Appellant testified he did not reside at the address shown for service at any time after citation was issued, he had no notice of any sort of hearing and he was not present for any hearing. Two witnesses corroborated his testimony, including his mother, who stated appellant had not resided at the location for many months and appellant's ex-wife knew he lived elsewhere. The evidence was uncontroverted.

The Court of Appeals, in its substituted opinion, reversed the conviction holding "the judgement, on its face, does not authorize the arrest. The State did not produce any warrant or other valid commitment authorizing arrest." *Pierce*, supra. The court determined the instrument's own language failed to direct anyone to arrest Pierce because the language used did not specifically direct a proper individual to arrest appellant. The instrument entitled "Judgment of Contempt and Order of Commitment" reads in pertinent part:

2. IT IS THEREFORE ORDERED, ADJUDGED and DECREED that James Wayne Pierce be, and is hereby adjudged to be in contempt of this Court for such

failure and disobedience, and the punishment therefore is fixed and assessed at confinement by the Sheriff of Johnson County, Texas, in the County Jail at Cleburne, Texas, Johnson County, Texas for a period of 120 days;

\*    .\*    \*    \*    \*    \*

and he is ordered further confined in said jail until he has purged himself of such contempt by the payment of child support arrearages under the above cited order into the Registry of this Court in the amount of $7,950.00 and by payment in full to the Clerk of this Court of all costs to date.

Whether the language was sufficient to direct anyone to arrest Pierce is of little importance when the first step in analysis should have been to determine if the court had jurisdiction over Pierce when entering such an order.

■ Close review of the record reveals appellant, in support of his motion to suppress, brought to the trial court's attention the fact that the record was devoid of the officer's return of citation. The record reflects the judge authorized substituted service of citation. Texas Rules of Civil Procedure, Rule 107 provides: "Where citation is executed by an alternative method as authorized by Rule 106, proof of service shall be made in the manner ordered by the court." Here, the manner of return is not mentioned. The only evidence that service was completed is an entry in the civil docket sheet that reads, "6–14–84 service complete by Rule 106."

Civil case authority instructs us that in order to sustain a default judgment upon substituted service, there must be *affirmative proof* in the record that the defendant was served in the manner required by statute. *Whitney v. L & L Realty Corporation and Parnass v. L & L Realty Corporation*, 500 S.W.2d 94 (Tex.1973); *McKan-*

---

1. Amended Tex.R.Civ.P. 106 states:
   (b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place or abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in

such affidavit but has not been successful, the court may authorize service

\*    \*    \*    \*    \*    \*

(2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

*na v. Edgar,* 388 S.W.2d 927 (Tex.1965); *David A. Carl Enterprises v. Crow–Shutt # 14,* 553 S.W.2d 118 (Tex.Civ.App.—Houston 1977, no writ). No presumption will be indulged to aid the officer's return in order to support a default judgment. *Tullis v. Scott,* 38 Tex. 537 (1873); *Hanover Modular Homes of Taft v. Corpus Christi Bank & Trust,* 476 S.W.2d 97 (Tex.Civ.App.—Corpus Christi 1972, no writ). The entry of a default judgment based upon such citation constitutes reversible error. *David A. Carl Enterprises v. Crow–Shutt # 14,* supra.

Here, notwithstanding the entry on the docket sheet that service was "completed," it is apparent from the record that the officer failed to file his return. Without proper return, notice to appellant was deficient and the trial court lacked *in personam* jurisdiction over appellant. The joint contempt of court and commitment order was invalid and could not authorize the arrest of appellant even if the language was sufficient. The State Prosecuting Attorney's first ground for review and the District Attorney's fourth ground for review are overruled.

■ The second issue we granted for review concerns whether the Court of Appeals erred in holding a commitment order is not a "warrant" which may authorize the arrest of an individual. That court held an arrest made pursuant to a commitment order is legal so long as the order itself is valid. Citing *Ex parte Arapis,* 157 Tex. 627, 306 S.W.2d 884 (1957) the court stated:

> A commitment is a warrant, order or process by which a court or magistrate directs a ministerial officer to take a person to jail or to prison and to detain him there … It is the written authority under which the officer acts. *Pierce,* supra.

The reading of the appellate court opinion does not show that court held a commitment order is or cannot act as a warrant. Rather, the opinion reflects that a commitment order *is* a warrant and can be used to lawfully arrest a named individual. The opinion merely strikes down a particular instrument and does not find all commit-

ment orders per se invalid. The State Prosecuting Attorney's third ground for review is overruled.

■ In the final ground for review, the District Attorney argues that the Court of Appeals erred in finding the arrest illegal on a basis never raised in the trial court. The record reflects that the validity of the commitment order was first challenged during the suppression hearing. Appellant contended the order was *void* because the civil record failed to reflect the officer's return of citation. He argued in the alternative service of process was improper, and offered evidence to show he did not live where notice was served. On appeal appellant reurged these same claims. Bypassing these claims, the Court of Appeals determined the instrument, despite its language, was not a commitment or a warrant because it failed to contain language directing anyone to arrest appellant.

Once jurisdiction of an appellate court is invoked, exercise of its reviewing functions is limited only by its own discretion or a valid restrictive statute. *Adkins v. State,* 764 S.W.2d 782 (Tex.Crim.App.1988); *Carter v. State,* 656 S.W.2d 468 (Tex.Crim.App. 1983). Appellant properly invoked jurisdiction by giving timely notice of appeal, and the Court of Appeals, for reasons known only to that body, chose to decide the case in a manner not inconsistent with its authority.

With this understanding, the State's grounds for review are overruled and the judgment of the Court of Appeals is affirmed.

McCORMICK, P.J., not participating.

WHITE and BERCHELMANN, JJ., concur in the result.

CLINTON, Judge, concurring.

While the Court correctly disposes of the final ground for review, slip opinion, at 280, it does not address a core contention in this cause, towit: the Fort Worth Court of Appeals wrongly determined that the instrument, excerpted at 279, is not a commitment or a warrant because "it failed

to contain language directing anyone to arrest appellant." *Id.,* at 280.

In *Ex parte Calvillo Amaya,* 748 S.W.2d 224 (Tex.1988), the Supreme Court restated essential requisites of a commitment in a civil constructive contempt matter, *viz:*

"... A commitment is a warrant, order or process by which a court of magistrate *DIRECTS a ministerial officer to take a person to jail or to prison and to detain him there.* In order to satisfy due process requirements, *both* a written *judgment* of contempt and a written commitment *ORDER* are necessary to imprison a person for civil constructive contempt of court. [citations omitted]." *

That the paper in this cause is captioned in part "Order of Commitment" does not make it one. Without more, it is merely a judgment. *Ex parte Palmateer,* supra. In the absence of a commitment, restraint is illegal. *Ex parte Alderete,* 83 Tex.Cr.R. 358, 203 S.W. 763, at 765 (1918).

Horacio L. Barrera, Brownsville, for appellant.

Benjamin Euresti, Jr., Dist. Atty., and Kirk Brush, Asst. Dist. Atty., Brownsville, Robert Huttash, State's Atty., Austin, for the State.

---

* Ironically, the line of authority developed by the Supreme Court to resolve such issues on the civil side goes back to *Ex parte Kearby,* 35 Tex.Cr.R. 531, 34 S.W. 635, 35 Tex.Cr.R. 634 (1896). See, e.g., *Ex parte Palmateer,* 150 Tex. 510, 243 S.W.2d 160 (1951), and cases cited therein making abundantly plain that following a written judgment of contempt the court must order and there must be issued and delivered to a designated officer a written commitment commanding that officer to arrest the contemner and to hold him under prescribed terms and conditions to satisfy the judgment. See, e.g., *Ex parte Barnett,* 600 S.W.2d 252, n. 1, at 253–254 (Tex.1980).