# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00088-CR

**Christopher Hall, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT
### NO. A-00-0221-S, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING

A jury found appellant guilty of possessing more than five pounds but less than fifty pounds of marihuana, a third degree felony offense under the Texas Controlled Substances Act. *See* Tex. Health & Safety Code Ann. ' 481.121 (West Supp. 2002).[1] The court assessed punishment at seven years= imprisonment. Appellant contends that he was denied effective assistance of counsel during the proceedings leading to his conviction. Specifically, appellant argues that counsel=s failure to move for a directed verdict fell below an objective standard of reasonableness and there is a

---

[1] Section 481.121 provides:

(a) Except as authorized by this chapter, a person commits an offense if the person knowingly or intentionally possesses a usable quantity of marihuana.

(b) An offence under Subsection (a) is . . . a felony of the third degree if the amount of marihuana possessed is 50 pounds or less but more than 5 pounds; . . . .

Tex. Health & Safety Code Ann. ' 481.121 (West Supp. 2002)

The indictment and jury charge do not track the statutory language, *i.e.*, A50 pounds or less.@

reasonable probability that but for this error appellant would not have been convicted or the conviction would have been reversed on appeal. Because our examination of the record discloses unassigned fundamental error, we reverse and render judgment of acquittal.

## FACTUAL AND PROCEDURAL BACKGROUND

Officers of the San Angelo Police Department narcotics division obtained information from a confidential informant, prompting Aan investigation of@ appellant and a business associate, Simon Riley.[2] Based on this information, officers expected that appellant would be driving a lead vehicle, or Aheat vehicle,@ and Riley would follow in another vehicle, the Aload vehicle@ on December 17, 1999. According to the testimony of several officers, a Aheat vehicle@ distracts law enforcement with speeding and erratic driving, allowing the Aload vehicle@ carrying contraband to slip by unnoticed. Checking the information, the officers learned that appellant had rented a green Chevrolet Tahoe and Riley a black Dodge Durango from Enterprise Rent-A-Car in San Angelo on December 16, 1999. The rentals occurred several hours apart.

On December 17, officers waited along Highway 67 outside San Angelo. When they saw the green Tahoe, two officers in an unmarked car pulled in behind it to check the license plate. The officers testified that appellant then began speeding and driving erratically. Other officers assisting with the investigation located the black Durango traveling a few minutes behind the Tahoe. Both vehicles were stopped.

---

[2] The court excluded evidence regarding the informant=s specific statements as hearsay.

According to Officer Hernandez, appellant=s Tahoe smelled of burnt marihuana which led the officers to search the vehicle. In it they found a receipt from Enterprise Rent-A-Car, a receipt from a Days Inn Motel in El Paso, and a business card for appellant=s and Riley=s auto detailing business. They did not find any illegal drugs. Appellant was not tested for intoxication. Officer Howard explained that he did not perform a field drug test because appellant stated he had smoked marihuana that morning, thus any detectable effects would have dissipated by the time of his 1:12 p.m. arrest.

Meanwhile, officers searching Riley=s vehicle discovered approximately forty pounds of marihuana concealed in its spare tire. As a result, appellant was charged with third degree felony possession of marihuana.

A trial was held on November 29, 2000, in which a jury found appellant guilty. The court then heard punishment evidence and subsequently sentenced appellant to seven years= imprisonment. On January 9, 2001, the court appointed a new attorney to assist appellant with his appeal. Appellant=s new attorney filed a motion for new trial, citing insufficient evidence to sustain the conviction. The trial court denied the motion. Appellant then brought this appeal.

In his sole issue on appeal, appellant claims that he did not receive effective assistance of counsel at trial. Appellant lists eighteen examples of deficient performance by trial counsel[3] and requests that his conviction be reversed and the cause remanded for a new trial.

---

[3] The deficiencies listed by appellant are that trial counsel: (1) failed to file a timely application for probation; (2) failed to elect jury punishment; (3) failed to request notice of extraneous offenses that would be offered by the State; (4) failed to pursue a motion to suppress appellant=s prior vehicle stop; (5) missed several court dates; (6) failed to raise a timely *Batson* challenge; (7) exercised only eight peremptory challenges during jury selection, two of which were not in the jury pool; (8) failed to make a timely objection

to the State=s introduction of appellant=s business records; (9) failed to object to the State=s voir dire question regarding the effect of drugs on the jurors= lives; (10) failed to object to the State=s characterization of appellant as a drug dealer during closing argument; (11) failed to pursue the identity of the informant; (12) failed to object to the State=s questioning appellant about his knowledge of unmarked police vehicles; (13) elicited damaging statements regarding appellant during cross examination of a State=s witness; (14) failed to request an instructed verdict; (15) argued outside the record during closing argument; (16) failed to present evidence during the punishment phase; (17) failed to appear at the sentencing hearing; and (18) failed to present evidence during the sentencing hearing.

## DISCUSSION

Inexplicably, appellant does not complain of the sufficiency of the evidence on appeal, except in the context of ineffective assistance of counsel. However, our review of the record, prompted by appellant's complaint regarding the motion for a directed verdict, compels us in the interest of justice to address the dispositive issue of legal sufficiency of the evidence.

The discretion of the courts of appeals to address unassigned error in criminal cases is well-established in Texas law. *See Carter v. State,* 656 S.W.2d 468, 468-69 (Tex. Crim. App. 1983) (recognizing that broad scope of review granted appellate courts includes power to revise case upon law and facts in record where Athe life or liberty of a citizen@ is at stake); *see also Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990); *Pierce v. State*, 780 S.W.2d 277, 280 (Tex. Crim. App. 1989); *Perry v. State*, 703 S.W.2d 668, 670 (Tex. Crim. App. 1986); *Frost v. State*, 25 S.W.3d 395, 399 (Tex. App.CAustin 2000, no pet.); *Rodriguez v. State*, 939 S.W.2d 211, 219 (Tex. App.CSan Antonio 1997, no pet.). AOnce an appellate court has jurisdiction over a case, the limits of the issues that the court may address are set only by that court's discretion and any valid restrictive statute.@ *Rezac*, 782 S.W.2d at 870.

### *Legal Sufficiency*

It is beyond dispute that fundamental considerations of due process protect an accused against conviction except on proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. *In re Winship*, 397 U.S. 358, 364 (1970). When reviewing for legal sufficiency, the appellate court views the evidence in the light most favorable to the verdict and determines

whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Staley v. State*, 887 S.W.2d 885, 888 (Tex. Crim. App. 1994). The appellate court considers all of the evidence before the jury, whether proper or improper, and makes an assessment from the jury=s perspective. *Howard v. State*, 972 S.W.2d 121, 124 (Tex. App.CAustin 1998, no pet.). Any inconsistencies in the evidence should be resolved in favor of the verdict. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). The jury is entitled to resolve any conflicts in the evidence, to evaluate the credibility of the witnesses, and to determine the weight to be given any particular evidence. *See id*. This standard of review is the same for both direct and circumstantial evidence. *Green v. State*, 840 S.W.2d 394, 401 (Tex. Crim. App. 1992), *disavowed on other grounds, Trevino v. State*, 991 S.W.2d 849 (Tex. Crim. App. 1999).

In reviewing this record, we must determine whether any rational trier of fact could have found beyond a reasonable doubt that appellant knowingly or intentionally *possessed* the marihuana found in Riley=s car. To obtain a conviction for possession of a controlled substance, the State must prove first, Athat the defendant exercised actual care, custody, control, or management over the contraband and second, that the defendant knew the matter possessed to be contraband.@ *Whitworth v. State*, 808 S.W.2d 566, 568 (Tex. App.CAustin 1991, pet. ref=d); *Dixon v. State*, 918 S.W.2d 678, 680 (Tex. App.CBeaumont 1996, no pet.); *Trejo v. State*, 766 S.W.2d 381, 383-84 (Tex. App.CAustin 1989, no pet.). The evidence presented Amust establish, to the requisite level of confidence, that the accused=s connection with the drug was *more than just fortuitous*.@ *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995) (emphasis added). Because appellant was not in exclusive control or possession of the place where the

**6**

marihuana was found, the State must present facts and circumstances that affirmatively link the accused to the contraband in such a manner that it can be concluded that he had knowledge of the contraband, as well as control over it. *Whitworth*, 808 S.W.2d at 569. While affirmative links may be proven by circumstantial evidence, the proof must generate more than a strong suspicion or even a probability. *Grant v. State*, 989 S.W.2d 428, 433 (Tex. App.CHouston [14th Dist.] 1999, no pet.). The affirmative links analysis provides a logically sound method of applying the *Jackson* standard of reasonable doubt. *Martinets v. State*, 884 S.W.2d 185, 188 (Tex. App.CAustin 1994, no pet.).

Case law has identified numerous factors having logical force in establishing the two essential elements of knowledge and control. *Id.*; *Dixon*, 918 S.W.2d at 680-81; *Whitworth*, 808 S.W.2d at 569. Seldom will any single factor have logical force sufficient to sustain a conviction based on constructive possession. *Trejo*, 766 S.W.2d at 385. Instead, the required link generally emerges from the logical force that several factors may have in combination. *Id*.

Factors tending to establish an affirmative link include whether the contraband was in plain view; whether the accused was the owner or driver of the car in which the contraband was found; whether the contraband was conveniently accessible to the accused; whether the strong odor of marihuana was present; whether paraphernalia for using the contraband was found on or in view of the accused; whether the physical condition of the accused indicated recent consumption of the contraband found in the vehicle; and whether traces of the contraband were found on the accused. *Dixon*, 918 S.W.2d at 681. In addition, courts consider whether conduct by the accused indicated consciousness of guilt; whether the accused had a special connection to the contraband; whether affirmative statements connect the accused to the

contraband; whether the appellant=s fingerprints were on the contraband=s container; and whether the accused attempted to flee. *Id.*; *Kyte v. State*, 944 S.W.2d 29, 31-32 (Tex. App.CTexarkana 1997, no pet.); *Watson v. State*, 861 S.W.2d 410, 415 (Tex. App.CBeaumont 1993, pet. ref=d); *Whitworth*, 808 S.W.2d at 568.[4]

The trier of fact determines whether the factors presented at trial combine to form an affirmative link between the accused and the contraband sufficient to establish guilt beyond a reasonable doubt. *See Dixon*, 918 S.W.2d at 681. The trier of fact makes this determination by examining the number and weight of the factors indicating control and lack of control of the contraband. *Id*. AThe number of factors present is less important than the logical force of those factors, alone or in combination, in establishing the elements of the offense.@ *Martinets*, 884 S.W.2d at 188; *see also Whitworth*, 808 S.W.2d at 569.

Generally, courts have found evidence sufficient to establish an affirmative link where the appellant actually possessed the drugs or had access to the place where the drugs were stored. *See*

---

[4] Other factors courts consider, not relevant to this case, include whether the contraband was found on the same side of the car seat as the accused, whether occupants of the automobile gave conflicting statements about relevant matters, and whether the contraband was found in an enclosed place. *Dixon v. State*, 918 S.W.2d 678, 681 (Tex. App.CBeaumont 1996, no pet.). While in the instant case the contraband was found in an enclosed place, it was not in appellant=s vehicle but in another vehicle several miles away.

*Christopher v. State*, 639 S.W.2d 932, 935-36 (Tex. Crim. App. 1982) (defendant had key to camper shell where drugs found), *overruled on other grounds, Preston v. State*, 700 S.W.2d 227, 230 (Tex. Crim. App. 1985); *Martinets*, 884 S.W.2d at 188 (defendant was driver of car in which drugs found); *Watson*, 861 S.W.2d at 415-16 (defendant in same hotel room with warm crack pipe); *Hernandez v. State*, 867 S.W.2d 900, 905 (Tex. App.CTexarkana 1993, no pet.) (defendant had key to lock on spare tire where drugs found); *Whitworth*, 808 S.W.2d at 569-70 (defendant had key to car trunk where drugs found); *cf. De la Garza v. State*, 898 S.W.2d 376, 379 (Tex. App.CSan Antonio 1995, no pet.) (defendant seen in possession of dufflebag containing marihuana immediately before her arrest).

For example, in *Whitworth*, this Court upheld a conviction for possession where the defendant had a key to the trunk of the car, he used the key to open the trunk, marihuana was found in the trunk, the strong odor of fresh marihuana was present, and the defendant=s conduct at the time of his arrest showed consciousness of guilt. 808 S.W.2d at 569-70. These factors outweighed the contrary evidence that at the time of his arrest the defendant did not appear intoxicated, did not smell of smoked marihuana, did not have contraband on his person or in his luggage, and did not own the car, which was a rental car assigned to another person. *Id*. at 568.

In *Dixon*, the court of appeals concluded that defendant=s nervousness, the conflicting stories he and the driver gave, their lack of luggage for their supposed trip, and the fact their vehicle was borrowed, tended to link defendant to the marihuana found concealed in a speaker in the vehicle=s trunk. 918 S.W.2d at 682. However, the court determined that these factors were outweighed by the following factors: the defendant did not own the vehicle, he was not driving it, the trunk=s contents apparently did not

**9**

belong to him, there was no evidence the defendant had access to the trunk, the defendant=s fingerprints were not on the drugs or in the trunk, he did not attempt to flee from the officers, he made no incriminating statements or furtive gestures, he was not under the influence of marihuana, and there was neither the odor of marihuana nor paraphernalia for smoking marihuana in the car. *Id*. at 681-82; *see also Kyte*, 944 S.W.2d at 29 (reversing conviction although drugs found in car that defendant was driving).

Similarly, in *Jenkins v. State*, Nos. 13-00-602-CR & 13-00-605-CR, 2002 Tex. App. LEXIS 2850, at *2 (Tex. App.CCorpus Christi 2002, no pet. h.), the reviewing court found the evidence legally insufficient to sustain a conviction for possession of marihuana and cocaine. In *Jenkins*, the defendant was a passenger in the front seat of an automobile stopped by a police officer for a minor traffic offense. *Id*. at *10. The defendant was seen Amoving around@ in the front seat as the vehicle was being pulled over. *Id*. The arresting officer obtained consent to search from the owner of the automobile and subsequently discovered a handgun under the front seat where defendant had been seated. *Id*. at *12. A search of the trunk revealed a large quantity of marihuana. *Id*. at *13. A later search revealed the cocaine, which was located under the rear seat. *Id*. The court found that the contraband was neither in close proximity to the defendant, nor conveniently accessible to him. *Id.* at *19. The court also noted that the odor of the marihuana was not evident in the passenger compartment of the automobile; no paraphernalia was in proximity to the defendant or conveniently accessible; the defendant was not intoxicated; and his physical condition did not indicate recent consumption of either drug. *Id.* at *19-20. Furthermore, the defendant did not attempt to flee; the defendant did not make any incriminating statements; the defendant=s presence in the vehicle at the given time and place did not constitute a suspicious circumstance; and finally,

the defendant was not aware of the presence of the handgun.[5]  *Id*. at \*20-23.  An officer testified that contraband was normally transported by more than one person, a factor the court cited as tending to link the defendant to the narcotics.  *Id*. at \*23.  However, the court opined that the probative force of this factor as a link was greatly diminished by the fact that the two people present other than the defendant (the owner of the vehicle and the person driving) had personal property connected either with the drug paraphernalia or the marihuana.  *Id*.  In holding the evidence legally insufficient to support a conviction, the court emphasized that it would not permit Aa single factor indicating guilt to trump any number of other factors which did not tend to establish possession.@  *Id*. at \*26 n.13.

---

[5]   An officer testified that the handgun was a link because individuals transporting large amounts of drugs tend to travel with weapons.  In the instant case, no weapons were found on appellant or in his car.

In the present case, the State=s proof of affirmative links between appellant and drugs found in the spare tire of another vehicle rests entirely on the validity of its Aheat and load@ theory. Without more, this theory cannot serve to establish beyond a reasonable doubt the requisite elements of knowledge or control on the part of appellant.[6] The State enunciated its Aheat and load@ hypothesis in an attempt to show a special connection between appellant and the marihuana in Riley=s vehicle. According to the State, as soon as appellant began acting in a distracting manner, he demonstrated a special connection with the marihuana, thus establishing joint possession over it. Officers testified that appellant began driving sixty to ninety miles per hour and weaving in and out traffic when he identified the unmarked police car.[7] The officers ascribed to appellant the ability to recognize their unmarked vehicle as a police car because of its tinted windows and radio antenna. The fact that appellant was driving in a distracting manner does not link appellant to the contraband in such a manner and to such an extent that a reasonable inference may arise that the accused knew of the contraband=s existence *and* that he exercised control over it. The absence of additional evidence linking the appellant to drugs concealed in a separate vehicle diminishes the probative force of his distracting behavior in the so-called Aheat vehicle.@[8]

---

[6] We note that in a recent case, *Lassaint v. Texas*, No. 13-01-587-CR, 2002 LEXIS 4292 (Tex. App.CCorpus Christi June 13, 2002, no pet. h.), the Thirteenth Court of Appeals did not assign weight to defendant=s status as occupant of an alleged Aheat vehicle@; rather it confined its analysis to the traditional, objective affirmative link factors we have discussed in this opinion.

[7] According to the officers, they did not charge appellant with speeding or evading arrest because the purpose of the arrest was to investigate an allegation of drug trafficking.

[8] As further support of its heat-and-load-vehicles theory, the State presented receipts from Enterprise Rent-A-Car showing that appellant and Riley had rented their vehicles on the same day. However, it must be noted that while the vehicles were rented at the same location, appellant and Riley rented their respective vehicles several hours apart.

Special connections to contraband have been established in cases where the contraband was found in the accused=s luggage, *Moulden*, 576 S.W.2d at 820, and where the accused had a key to the location where the contraband was found, *Christopher*, 639 S.W.2d at 935 (camper shell); *Hernandez*, 867 S.W.2d at 905 (spare tire well); *Whitworth*, 808 S.W.2d at 569 (trunk of rental car). In the present case, the marihuana was not found in any object belonging to appellant or under his control. There was no evidence that appellant had a key to Riley=s rental vehicle, that he had participated in the vehicle=s rental, or that he had access to or exercised control over the vehicle=s spare tire.

Reviewing the remaining factors in the context of the record before us, we note the following factors supply no logical force in tending to link appellant to the marihuana. The contraband was not in plain view, appellant was not the owner or the driver of the vehicle in which the drugs were found, the marihuana was not conveniently accessible to appellant, and no drug paraphernalia was found on or in view of appellant. Detective Hernandez did indicate that he detected an odor of *burnt* marihuana in appellant=s automobile. However, the odor of burnt marihuana in appellant=s automobile cannot rationally be tied to the packaged fresh marihuana concealed in the trunk of Riley=s automobile. Particularly, this is so when no evidence was presented indicating that appellant had access to or control over Riley=s auto, which was traveling several miles behind appellant=s. To make such a connection is to engage in sheer speculation. AEvidence affirmatively connecting the accused to the contraband must amount to more than mere conjecture or speculation.@ *Hernandez*, 867 S.W.2d at 904. Furthermore, there was no evidence that appellant showed signs of recent marihuana use,[9] there was no evidence that appellant showed

---

[9] While one of the arresting officers testified that appellant stated that he smoked marihuana earlier that morning, he further testified that he did not test appellant for intoxication because the effects would have

**13**

consciousness of guilt at the time of his arrest, no trace of marihuana was found on appellant, the police were unable to lift fingerprints from the wrappings on the marihuana bricks or from the spare tire, and there was no evidence that appellant attempted to flee from the arresting officers.

---

dissipated by the time of the arrest. Thus, there was no evidence of physical symptoms linking appellant to the contraband. Appellant disputed making this statement during the punishment phase of trial, but we consider all the evidence that was before the jury in reaching its verdict.

Appellant made no affirmative statement regarding the marihuana in Riley=s vehicle; to the contrary, he denied any knowledge of it. Officer Hernandez testified that after appellant was read his *Miranda* rights, he declined to make any statements about the marihuana in Riley=s vehicle. The fact that appellant admitted smoking marihuana in his car earlier that day, so much earlier that he was not tested for intoxication, is not sufficiently probative to connect him with packaged marihuana being transported in a *separate* vehicle. Appellant=s statement that he was returning from Las Cruces, New Mexico (although the mileage on his rental vehicle was more consistent with a trip from El Paso) similarly provides no link to the contraband. Even if appellant and Riley were both returning from El Paso, that is not sufficient by itself or with the factors in this record to provide evidence of sufficient probative force to support a guilty verdict.[10]

As stated above, in conducting a legal sufficiency review the court examines the number and weight of the factors indicating control of the contraband, *see Dixon*, 918 S.W.2d at 681, and analyzes the logical force of those factors for their tendency to establish knowledge and control of the contraband, *see Martinets*, 884 S.W.2d at 188; *Whitworth*, 808 S.W.2d at 569. In the present case, appellant was not in proximity to the contraband or any other controlled substance or paraphernalia, was apparently not intoxicated, did not indicate a connection to the contraband with an affirmative statement or conduct upon arrest, and could not be connected to the contraband by fingerprints, a key, or ownership of the contraband=s container. He did not own, and had not leased, the automobile in which the marihuana was found, he did not show symptoms of recent use of the drug, no drugs were found on or near him and he did

---

[10] The State=s only evidence, a motel receipt indicating that appellant stayed overnight in El Paso, is no evidence that Riley also stayed in El Paso or that he and appellant returned from El Paso together.

not attempt to flee when stopped by the officers. In short, none of the factors previously identified by case law as indicative of a link are present here. Appellant=s speeding and erratic drivingCcommon enough activitiesCand the circumstances surrounding the rental of the vehicles were not sufficient evidence for sending this case to the jury in the absence of other factors indicating knowledge of and control over the contraband located in a separate vehicle traveling several miles behind appellant.

In summary, we conclude that the factors present do not supply sufficient logical force to support a rational inference that the elements of the offense were proven beyond a reasonable doubt. While A[a] mere modicum of evidence may satisfy a >no evidence standard=, . . . [i]t could not seriously be argued that such a >modicum= of evidence could by itself rationally support a conviction beyond a reasonable doubt.@ *See Jackson*, 443 U.S. at 320. Even if we were to assign a probative value to the State=s heat-and-load theory, coupled with the other factors, it tends to show only that the appellant may have had knowledge of the drugs. It does not serve to establish a link regarding appellant=s control over them. In reaching this decision, we observe that other appellate courts have found the evidence legally insufficient, and thus requiring a judgment of acquittal, on evidence far more compelling than exists in the present case. *See Lassaint v. Texas*, No. 13-01-587-CR, 2002 LEXIS 4292 at *23-25 (Tex. App.CCorpus Christi June 13, 2002, no pet. h.), (reversing conviction for possession of cocaine despite fact that appellant=s fingerprints found on grocery bag containing contraband); *Jenkins*, 2002 Tex. App. LEXIS 2850 at 2 (reversing conviction for possession of marihuana and cocaine found in same car with defendant, despite handgun found under defendant=s seat and defendant=s nervousness); *Dixon*, 918 S.W.2d at 682 (reversing conviction for possession of marihuana found in same car with defendant, despite defendant=s nervousness, conflicting stories, and lack of luggage for claimed trip); *Moreno v. State,* 821 S.W.2d 344, 352 (Tex.

App.CWaco 1991, pet. ref=d) (reversing conviction for possession of over 400 grams of cocaine found in same car with defendant, despite small amount of cocaine found in defendant=s wallet). Therefore, viewing the evidence in the light most favorable to the verdict, we cannot conclude that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

## CONCLUSION

In the interest of justice, we have reviewed the legal sufficiency of the evidence, although this error was unassigned. We hold that the evidence was legally insufficient to establish appellant=s knowledge of and control over drugs found concealed in the spare tire of another vehicle several miles away. We reverse the judgment of conviction and render a judgment of acquittal. *See Burks v. United States*, 437 U.S. 1, 11 (1978) (holding that double jeopardy bars retrial when reviewing court finds evidence legally insufficient); *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996) (reviewing court must render judgment of acquittal upon determination of legal insufficiency); *Gonzalez v. State*, 588 S.W.2d 574 (Tex. Crim. App. 1979).

David Puryear, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear: Opinion by Justice Puryear;
    Dissenting Opinion by Chief Justice Aboussie

Reversed and Rendered

Filed:   July 26, 2002

**17**

Publish