# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00267-CR

**Armando Martinez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT NO. 2-03-0813, HONORABLE BRENDA P. KENNEDY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The trial court convicted Armando Martinez of possession of less than one gram of cocaine. Tex. Health & Safety Code Ann. § 481.115(a) (West 2003). Martinez received a four-year suspended sentence with probation. He now challenges the legal and factual sufficiency of the evidence to sustain his conviction. Because the evidence is both legally and factually sufficient, we overrule his points of error and affirm the judgment of conviction.

## BACKGROUND

One night while assigned to the DWI task force of the Austin Police Department, Officer Andrew Motz was dispatched to respond to a disturbance involving a gun. He followed a

vehicle matching the dispatcher's description until he observed that it was being driven recklessly, at which point he stopped the vehicle.

Martinez was driving the vehicle and there were two passengers. Since the original report had been of a disturbance involving a gun, Motz ordered Martinez and the passengers to exit the vehicle and lie down on the ground. Once back up arrived, the three men were handcuffed and the vehicle was searched. The police found numerous containers of alcohol and a rifle.

Martinez smelled of alcohol, so Motz asked him to perform a series of field sobriety tests to determine whether he had been driving while intoxicated. Because Martinez struggled to maintain his balance during the "walk and turn" test, Motz informed him that he was allowed to remove his boots. After Martinez removed his boots, he stepped forward with his left foot. When he moved his foot there was a small bag of white powder left where his foot had been prior to taking his first step. Motz testified that the sidewalk was well lit and had been clear of debris before Martinez removed his boots. Motz also testified that the other two passengers of the car were sitting five to ten feet away and were still handcuffed. Motz placed Martinez under arrest for DWI and possession of a controlled substance.

Martinez pleaded not guilty to possession of less than one gram of a controlled substance. He waived his right to a jury trial. The defense stipulated to the fact that the bag contained cocaine. The court found Martinez guilty and assessed punishment at two years in a state jail. His sentence was suspended, and he received four years of probation including 150 hours of community service. Martinez now challenges the legal and factual sufficiency of the evidence.

**DISCUSSION**

*Legal Sufficiency*

When reviewing the legal sufficiency of the evidence, we look at all the evidence in the light most favorable to the verdict to determine whether a rational finder of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Mason v. State*, 905 S.W.2d 570, 574 (Tex. Crim. App. 1995).

It is an offense to knowingly or intentionally manufacture, deliver, or possess cocaine. Tex. Health & Safety Code Ann. § 481.115(a) (West 2003). To establish that the evidence is sufficient to support a conviction for possession of a controlled substance, the State must prove that: (1) the defendant exercised actual care, control, and management over the contraband, and (2) he knew that the object was contraband. *King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995); *Hall v. State*, 86 S.W.3d 235, 240 (Tex. App.—Austin 2002, pet. ref'd).

Possession means more than being where the action is; it requires dominion and control over the contraband allegedly possessed. *Poindexter v. State*, 115 S.W.3d 295, 298 (Tex. App.—Corpus Christi 2003, pet. filed). When the contraband is not in the exclusive possession of the accused, additional facts and circumstances must link him to it. *Id.* at 298-299. However, the State is no longer required to disprove every "outstanding reasonable hypothesis" except for the defendant's guilt. *Brown v. State*, 911 S.W.2d 744, 748 (Tex. Crim. App. 1995). The State's burden is to show that the defendant's connection with the contraband was more than merely fortuitous. *Id.* at 747.

3

Martinez contends that he was not in possession of the bag of cocaine because there is legally insufficient evidence affirmatively linking him to the contraband. He analogizes his case to *Tatum v. State*, 836 S.W.2d 323, 325 (Tex. App.—Austin 1992, pet. ref'd), where the conviction was reversed because "the State presented no evidence linking Tatum to the cocaine itself other than his proximity to a syringe when he was arrested." However, in that case the defendant was arrested as he fled from an abandoned house known to be a "shooting gallery" for heroin users. *Id.* at 325-26. Stray syringes were not unusual and the syringe in question was a full six feet away from the defendant. *Id.* at 324. Furthermore, *Tatum* was decided prior to *Geesa v. State* in which the court of criminal appeals abandoned the "outstanding reasonable hypothesis" standard. 820 S.W.2d 154, 160-61 (Tex. Crim. App. 1991). Therefore, in *Tatum* this Court was obliged to reverse when the State "failed to offer evidence disproving every other reasonable hypothesis except that of the guilt of the accused, and proof amounting only to a strong suspicion or mere probability is insufficient." *Id.* at 327 (quoting *Waldon v. State*, 579 S.W.2d 499, 502 (Tex. Crim. App. 1979)).

This case is distinguishable because the cocaine was not discovered in an area known for drug traffic and use. Martinez argues that because his passengers were also sitting on the sidewalk near where the cocaine was discovered, he was not sufficiently linked to the contraband; however, the passengers were several feet away and handcuffed. According to Motz, the sidewalk was clear during the field sobriety tests before Martinez removed his boots. The cocaine appeared in the exact spot where his foot had been before taking his first step after removing his boots.

By offering evidence that suggested the cocaine had been stored in Martinez's boots, the State established the requisite link between Martinez and the bag of cocaine. Because we find

4

that viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979), we overrule Martinez's first point of error.

***Factual Sufficiency***

In reviewing a claim for factual sufficiency of the evidence, we must view the evidence in a neutral light, but we can only set aside the verdict only if the proof of guilt is too weak or the contrary evidence is too strong to support a finding of guilt beyond a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477, 484-85 (Tex. Crim. App. 2004).

Martinez argues that the evidence is factually insufficient to sustain his conviction because Motz did not see him holding or disposing of the cocaine. However, there are other ways to establish links between a defendant accused of possessing a controlled substance and the contraband in question. If Martinez stored the cocaine in his boot then Motz would not have seen Martinez holding it. Although Motz did not see Martinez deliberately dispose of the cocaine it did appear from under his foot after he removed his boots. Whether he forgot that it was there or intended to leave it in the boot while he attempted the field sobriety test barefoot is immaterial. While Motz did not see Martinez holding or disposing of the cocaine, the State offered other sufficient evidence to link him to it. Because the verdict is not "so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust," *Clewis,* 820 S.W.2d at 160-61 (Tex. Crim. App. 1991), we overrule Martinez's second point of error.

**CONCLUSION**

Having found the evidence both legally and factually sufficient, we affirm the judgment of conviction.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: November 18, 2004

Do Not Publish