TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

═══════════════
NO. 03-03-00665-CR
═══════════════

Ronald Sorrells, Appellant

v.

The State of Texas, Appellee





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
NO. 9034166, HONORABLE FRED A. MOORE, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N 

 
Appellant Ronald Sorrells was convicted by a jury of possession of cocaine. See Tex. Health & Safety Code Ann. § 481.115(a) (West 2003). The trial court sentenced him to
thirty years’ confinement in the Texas Department of Criminal Justice, Institutional Division. On
appeal, Sorrells challenges the legal and factual sufficiency of the evidence and claims that he
received ineffective assistance of counsel. We affirm. 

BACKGROUND
                        On May 18, 2003, Austin Police Officer Scott Glasgow was on patrol near the
intersection of Webberville Road and Goodwin Avenue in Austin. At 11:02 p.m., Officer Glasgow
noticed two men fighting. One man, later identified as Sorrells, was wearing a black T-shirt and blue
jeans. The other, later identified as Quincey Alexander, was wearing a white shirt and black shorts. 
Officer Glasgow observed Sorrells on the ground with Alexander on top of him, hitting Sorrells
repeatedly in the head and chest. According to Officer Glasgow, the two men appeared to be
struggling over some object that Sorrells had in his hand. Sorrells continued to hold onto this object
while Alexander assaulted him. Finally, after much struggle, Alexander forcibly wrestled the object
away from Sorrells. 
                        At this moment, Officer Glasgow—who, upon witnessing the fight, had left his patrol
car and run toward the men—discerned that the object was a white plastic baggie. He later testified
that white plastic baggies are commonly used in narcotics transactions. 
                        Alexander, now holding the baggie, noticed Officer Glasgow approaching, began
walking toward him and dropped the baggie on the ground. Officer Glasgow grabbed Alexander to
handcuff him. Before he could put the handcuffs on Alexander, he saw Sorrells pick up the baggie
that Alexander had just dropped and start running.


 Officer Glasgow chased Sorrells, caught him,
and attempted to get him into custody. As he attempted to take the baggie from Sorrells, Sorrells
dropped it on the ground. Sorrells pushed Officer Glasgow in his chest, causing him to stumble
backwards. Alexander then reached for the baggie that Sorrells had dropped. Officer Glasgow
turned to Alexander and told him to “[l]eave the dope,” at which point Alexander fled into a nearby
housing project, leaving the baggie on the ground. Officer Glasgow took possession of the baggie.
                        Officer Glasgow then heard Sorrells yelling and saw him trying to break in to a nearby
gray pick-up truck owned and driven by Guadalupe Villareal, an off-duty security officer. Villareal
was sitting in the truck. Villareal had also seen the fight between Sorrells and Alexander and had
watched as Officer Glasgow attempted to arrest the two men.


 Villareal was unable to identify
Sorrells at trial, but he did testify that he saw the white baggie in each man’s hands at least once. 
                        Sorrells failed to break into Villareal’s truck but instead fled toward the housing
project. Officer Glasgow pursued him, caught him, and tackled him as Sorrells stumbled on the
steps leading up to the housing project. As Glasgow struggled with Sorrells, Sorrells repeatedly told
him, “You know me. You know me,” referring to previous encounters with Officer Glasgow.



                        Once in custody, Sorrells told Officer Glasgow that Alexander had tried to steal
twenty dollars from him. Officer Glasgow returned to the scene of the fight between Sorrells and
Alexander and found a crumpled $20 bill and a piece of paper, both of which he collected as
evidence. He also testified that Sorrells did not live in the area of this offense. However, he
believed it was common for persons to frequent the area of Webberville Road and Goodwin Avenue
in order to purchase crack cocaine, which usually sold for twenty dollars a rock. He added that the
area was also notorious for gang activity. 
                        Sorrells was charged with the offense of possession of a controlled substance, namely
cocaine, in an amount of more than one gram, but less than four grams.


 See Tex. Health & Safety
Code Ann. § 481.115(a). After a jury found him guilty, the trial court assessed his punishment,
enhanced by two previous felony convictions, at thirty years’ confinement in the Texas Department
of Criminal Justice, Institutional Division. This appeal followed.
DISCUSSION
                        On appeal, Sorrells raises three issues. In his first two issues, he challenges the legal
and factual sufficiency of the evidence supporting the jury’s finding that he knowingly possessed a
controlled substance. In his third issue, Sorrells asserts that he received ineffective assistance of
counsel at trial because his trial counsel introduced evidence of Sorrells’s previous contacts with
Officer Glasgow and other police officers.

Sufficiency of the evidence
                        In his first issue, Sorrells argues that the evidence is legally insufficient to support the
finding that he “possessed” a controlled substance. See Tex. Health & Safety Code Ann.
§ 481.002(38) (West Supp. 2004-05) (defining possession as “actual care, custody, control, or
management”).


 In reviewing a legal sufficiency of the evidence claim, we must view the evidence
in the light most favorable to the verdict and determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307, 324 (1979); Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). We do not resolve
any conflict of fact or assign credibility to the witnesses, as it was the function of the trier of fact to
do so. Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). Instead, our duty is only to
determine if both the explicit and implicit findings of the trier of fact are rational by viewing all the
evidence admitted at trial in a light most favorable to the verdict. Id. at 422. 
                        Under the health and safety code, “a person commits an offense if the person
knowingly or intentionally possesses” cocaine. Tex. Health & Safety Code Ann. § 481.115(a). To
prove unlawful possession of a controlled substance, the State must show that the accused: (1)
exercised actual care, custody, control, or management over the contraband; and (2) knew that the
substance he possessed was contraband. See King v. State, 895 S.W.2d 701, 703 (Tex. Crim. App.
1995); Hall v. State, 86 S.W.3d 235, 240 (Tex. App.—Austin 2002, pet. ref’d); see also Tex. Health
& Safety Code Ann. § 481.002(38). “Possession” means more than being where the action is; it
involves the exercise of dominion and control over the thing allegedly possessed. Castellano v.
State, 810 S.W.2d 800, 805 (Tex. App.—Austin 1991, no pet.). 
                        The crux of Sorrells’s legal sufficiency complaint is that the evidence does not satisfy
the statutory requirement of possession because his control of the baggie was only fleeting.


 Both
Officer Glasgow and Villareal testified that Sorrells had the white plastic baggie in his hands at least
one time. Although Villareal was unable to identify Sorrells at trial, Villareal testified that each man
he had seen fighting—Sorrells and Alexander—had held the baggie at least once. According to
Officer Glasgow’s testimony, Sorrells only relinquished control of the baggie when Alexander
forcibly removed it from Sorrells’s hands. Officer Glasgow further testified that Sorrells had the
baggie in his possession again when he picked it up from the ground where Alexander had dropped
it. We find the evidence legally sufficient to determine that Sorrells exercised control over the
cocaine. 
                        Next, we decide if the evidence is legally sufficient to determine that Sorrells knew
that the substance he possessed was cocaine. In determining whether an accused knowingly
possessed a controlled substance, knowledge can be inferred from the conduct of and remarks by the
accused and from circumstances surrounding the acts engaged in by the accused. Menchaca v. State,
901 S.W.2d 640, 652 (Tex. App.—El Paso 1995, pet. ref’d); see also Gutierrez v. State, 628 S.W.2d
57, 60 (Tex. Crim. App. 1980), overruled on other grounds by Chambers v. State, 711 S.W.2d 240,
247 (Tex. Crim. App. 1986) (jury could reasonably infer from independent facts and circumstances
that accused knew of drug’s existence). Here, the State presented sufficient evidence from which
the jury could reasonably infer that Sorrells knew that the baggie contained cocaine. The evidence
showed that Sorrells and Alexander fought over a piece of a plastic bag that, but for its contents,
would not have explained Sorrells’s determination to hold onto it. Sorrells did not relinquish control
of the baggie until Alexander wrestled it from him. Minutes later, as Officer Glasgow was
attempting to handcuff Alexander, Sorrells picked up the baggie from the ground where Alexander
had dropped it and ran. Officer Glasgow testified that this type of baggie was commonly used in
narcotics transactions. Officer Glasgow further testified that Sorrells did not live near the
Webberville Road and Goodwin Avenue intersection but that it was common for persons to frequent
the area for drug transactions. Officer Glasgow’s testimony that crack rocks commonly sell for
twenty dollars and the fact that Glasgow found a $20 bill at the scene of the fight further support a
finding of Sorrells’s knowledge that the baggie contained cocaine. We conclude that a rational jury
could conclude beyond a reasonable doubt that Sorrells knew the substance was cocaine. 
                        We have found the evidence legally sufficient to show that Sorrells possessed the
cocaine and that he knew it was cocaine. See King, 895 S.W.2d at 703; Hall, 86 S.W.3d at 240. We
overrule Sorrells’s first issue.
                        In his second issue, Sorrells argues that the evidence is factually insufficient to
support the finding that he knew that he possessed a controlled substance. A factual sufficiency
review asks whether a neutral review of all the evidence, both for and against the finding of guilt,
demonstrates that the proof of guilt is so weak or the proof so strong as to preclude a finding of guilt
beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484-85 (Tex. Crim. App. 2004). The
trier of fact has the responsibility of weighing all the evidence, resolving evidentiary conflicts, and
drawing reasonable conclusions from the evidence. Garcia v. State, 57 S.W.3d 436, 441 (Tex. Crim.
App. 2001). We are not free to reweigh the evidence and set aside a jury verdict merely because we
feel that a different result is more reasonable. Clewis v. State, 922 S.W.2d 126, 135 (Tex. Crim.
App. 1996). Consequently, we may find the evidence factually insufficient only where necessary
to prevent a manifest injustice from occurring. See Johnson v. State, 23 S.W.3d 1, 12 (Tex. Crim.
App. 2000). 
                        Sorrells claims that the evidence concerning his knowledge is factually insufficient 
because it depended entirely on Officer Glasgow’s testimony. However, as we have noted above,
knowledge can be inferred from the conduct of and remarks by the accused and from circumstances
surrounding the acts engaged in by the accused. See Menchaca, 901 S.W.2d at 652; see also
Gutierrez, 628 S.W.2d at 60. In light of our review of the legal sufficiency of the evidence
concerning whether Sorrells knew the baggie contained cocaine and the factual-sufficiency standard
of review, and giving due deference to the jury, we conclude that the evidence supporting the verdict
is not so weak as to render the verdict clearly wrong and manifestly unjust. See Zuniga, 144 S.W.3d
at 484-85. We overrule Sorrells’s second issue. 

Effective assistance of counsel
                        In his third issue, Sorrells complains that he was denied his constitutional right to
effective assistance of counsel because defense counsel introduced prejudicial evidence of Sorrells’s
prior encounters with Austin police officers. Specifically, Sorrells complains that his counsel’s
cross-examination of Officer Glasgow regarding these encounters opened the door for Officer
Glasgow to testify that he believed Sorrells was on drugs during these prior encounters. 
                        To prevail on this claim, Sorrells must show that counsel made such serious errors
that he was not functioning effectively as counsel and that these errors prejudiced Sorrells’s defense
to such a degree that he was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 687
(1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). The adequacy of defense
counsel’s assistance is based upon the totality of the representation rather than upon isolated acts or
omissions of trial counsel. Garcia v. State, 887 S.W.2d 862, 880 (Tex. Crim. App. 1994). Here, the
burden is on Sorrells to prove by a preponderance of the evidence: (1) that counsel’s representation
fell below the standard of prevailing professional norms; and (2) that there is a reasonable probability
that, but for counsel’s deficiency, the result of the trial would have been different. McFarland v.
State, 845 S.W.2d 824, 842 (Tex. Crim. App. 1992); Hernandez, 726 S.W.2d at 56-57. In reviewing
a claim of ineffective assistance, we apply a strong presumption that counsel rendered adequate
assistance and exercised reasonable professional judgment and that counsel’s conduct fell within the
wide range of reasonable professional assistance. Strickland, 466 U.S. at 689; Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994). 
                        Decisions regarding trial strategy may constitute ineffective assistance only if the
record demonstrates that the conduct by counsel is without any plausible basis. Thompson v. State,
9 S.W.3d 808, 813 (Tex. Crim. App. 1999); McFarland, 845 S.W.2d at 842. An appellate court
must avoid the distortions of hindsight and must evaluate counsel’s conduct from his perspective at
the time of trial. Strickland, 466 U.S. at 689; Ex parte Kunkle, 852 S.W.2d 499, 505 (Tex. Crim.
App. 1993). A conscious and informed decision on trial strategy cannot be the basis for a
constitutional ineffective assistance claim unless it is so poorly chosen that it permeates the trial with
obvious unfairness. See Kunkle, 852 S.W.2d at 505. Ineffective assistance claims regarding issues
of trial strategy are particularly difficult to sustain on direct appeal when defense counsel was
otherwise competent and aggressive. See id.
                        The trial record here does not reveal ineffectiveness of counsel to a degree sufficient
to sustain such a claim. Trial counsel’s decision to present evidence of Officer Glasgow’s prior
encounters with Sorrells could have been a matter of reasoned trial strategy. Counsel sought to
introduce evidence of these encounters to demonstrate that Officer Glasgow was biased against
Sorrells. The evidence showed that, during these encounters, Sorrells accused Officer Glasgow and
other officers of stopping him for racially-motivated reasons and that Sorrells had been hostile to the
officers. Counsel used this evidence to argue to the jury that these prior incidents played a part in
Officer Glasgow’s decision to arrest Sorrells in this case because Sorrells had previously challenged
his authority. 
                        The record supports the conclusion that Sorrells’s trial counsel’s decision to offer the
evidence of Sorrells’s prior encounters with police was possibly a matter of trial strategy and the
basis of the defense’s theory at guilt/innocence phase of the trial. Moreover, there is nothing in the
record to overcome the strong presumption that counsel’s actions fell within the broad range of
reasonable professional assistance. We overrule Sorrells’s third issue.

CONCLUSION
                        We have overruled Sorrells’s issues on appeal. We affirm the judgment of the
district court.
 
 
                                                                        __________________________________________
                                                                        Bob Pemberton, Justice
Before Justices B. A. Smith, Puryear and Pemberton
Affirmed
Filed: March 24, 2005
Do Not Publish