190 S.W.3d 779 (2006)
In the Matter of J.M.C.D., a Juvenile.
No. 08-05-00085-CV.
Court of Appeals of Texas, El Paso.
March 23, 2006.
*780 M. Clara Hernandez, El Paso County Public Defender, El Paso, for Appellant.
Jose R. Rodriguez, County Atty., El Paso, for Appellee.
Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

OPINION
RICHARD BARAJAS, Chief Justice.
This is an appeal from a judgment of commitment committing the juvenile J.M.C.D. to the Texas Youth Commission (TYC) following a non-jury adjudication hearing wherein it was found that he had engaged in delinquent conduct.

I. SUMMARY OF THE EVIDENCE

On December 17, 2004, six individuals were observed by Border Patrol Agent Antonio Butron a little more than five miles from the Fabens port of entry in El Paso, Texas at approximately 3:30 a.m. Five of the individuals were hunched over; one was not. Agent Butron testified that based on his experience, the observed activity indicated drug smuggling. He testified that most drug smugglers carry between 35 and 60 pounds in their bags and cannot walk straight with that kind of load. Agent Butron observed through his night vision goggles that the individuals had entered a cotton field. He stated that viewing through the goggles did not allow him to distinguish their faces but he could discern the silhouettes of the bodies. He pursued them and all six individuals ran. After a brief pursuit through the cotton field, the individuals were apprehended attempting to hide in an irrigation canal. No one else was observed in the area. Agent Butron did not see any backpacks. He called for help from his partner, Agent Charles Viggato, who drove to where Butron was located and put the six individuals in his truck. At that time, Butron backtracked by starting with the footprints in the canal where they had come up from the dirt road and he went into the cotton field where they had disturbed an area of the field. He found five back packs approximately 50 yards away. The backpacks each contained a green leafy substance, which later tested positive for marihuana and weighed 266 pounds. Both Viggato and Butron identified the juvenile in court as being one of the six individuals who were apprehended.

II. DISCUSSION

J.M.C.D. alleges the evidence was legally insufficient to sustain the finding that Appellant engaged in delinquent conduct by intentionally and knowingly possessing a usable quantity of marijuana in the amount of 2,000 pounds or less but more than 50 pounds as alleged in the State's Petition Based on Delinquent Conduct. A jury finding that a juvenile engaged in delinquent conduct violates due process of law unless supported by sufficient evidence to justify a rational trier of fact to find guilt beyond a reasonable doubt. In re Winship, 397 U.S. 358, 364, *781 90 S.Ct. 1068, 1072-73, 25 L.Ed.2d 368 (1970); Alvarado v. State, 912 S.W.2d 199, 206-07 (Tex.Crim.App.1995); In re A.S., 954 S.W.2d 855, 857-58 (Tex.App.-El Paso 1997, no writ). Under this standard, we must review all the evidence, both State and defense, in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. In re A.S., 954 S.W.2d at 858; Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979); Alvarado, 912 S.W.2d at 207.
A person commits the offense of possession of marijuana if he or she knowingly or intentionally possesses a usable quantity of marihuana. Tex. Health & Safety Code Ann. § 481.121 (Vernon 2003). Possession is defined as "actual care, custody, control, or management." Tex. Health & Safety Code Ann. § 481.002(38) (Vernon 2003). The State had the burden to prove beyond a reasonable doubt that the juvenile (1) exercised care, control and management over the contraband and (2) that the accused knew the substance in his possession was marijuana. King v. State, 895 S.W.2d 701, 703 (Tex.Crim.App.1995).
Further, when the Appellant is not in exclusive possession or control of the place where the contraband is found, as in this case, the State must prove independent facts and circumstances affirmatively linking him to the contraband. Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim.App.1995). An affirmative link must be established between the accused and the contraband demonstrating both that the accused had control over it and had knowledge of its existence. Id. An affirmative link generates a reasonable inference that the accused knew of the contraband's existence and exercised control over it. Id. The number of factors linking an accused to the contraband is not as important as their logical force in establishing the elements of the offense. See Jenkins v. State, 76 S.W.3d 709, 713 (Tex.App.-Corpus Christi 2002, pet. ref'd); see also Jones v. State, 963 S.W.2d 826, 830 (Tex. App.-Texarkana 1998, pet. ref'd); Gilbert v. State, 874 S.W.2d 290, 298 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd). The baseline is that proof amounting to a strong suspicion or even a probability of guilt will not suffice. See Hall v. State, 86 S.W.3d 235, 240 (Tex.App.-Austin 2002, pet. ref'd). There must be an affirmative link between an accused and the drugs to the degree that a reasonable inference may arise that J.M.C.D. knew that the drugs existed and where they were kept. See Gutierrez v. State, 628 S.W.2d 57, 60 (Tex.Crim.App.1982), overruled on other grounds, Chambers v. State, 711 S.W.2d 240, 247 (Tex.Crim.App.1986). Ultimately, the question of whether the evidence is sufficient to affirmatively link the accused to the contraband must be answered on a case-by-case basis. Whitworth v. State, 808 S.W.2d 566, 569 (Tex.App.-Austin 1991, pet. ref'd). Here there were at least three such circumstances linking J.M.C.D. to the contraband: (1) the contraband was in close proximity to the juvenile in that it was found near his hiding place; (2) the juvenile attempted to flee; and (3) it is not likely that someone else would have discarded such a large quantity of marihuana.
The evidence established that J.M.C.D. was apprehended at approximately 3:30 a.m. apparently attempting to enter the United States from Mexico. J.M.C.D. and the other five individuals were detained about 50 yards away from where Butron found five backpacks containing 266 pounds of marihuana. Butron testified that after apprehending the six individuals, he followed footprints which led him to the backpacks. A reasonable trier of fact could have concluded that the juvenile *782 knowingly or intentionally possessed the contraband, and was therefore delinquent as an individual actor.
However, J.M.C.D. emphasizes the fact that we do not know if he was one of the five individuals carrying backpacks or was the one individual walking upright He posits the theory that he may have just gone along with a friend and had nothing to do with the marihuana. The evidence shows that five individuals were carrying the backpacks and one individual was not. Clearly this is a case in which we have five individual actors and one who is liable as a party to the offense. A person acts as a party to an offense if, "the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both." Tex. Penal Code Ann. § 7.01(a) (Vernon 2003). A person is criminally responsible as a party to an offense committed by the conduct of another if the person acts with an intent to promote or assist in the commission of the offense, and solicits, encourages, directs, aids, or attempts to aid another person to commit the offense. Tex. Penal Code Ann. § 7.02(a)(2) (Vernon 2003). To establish this theory of liability, the State must prove the illegal conduct of the primary actor and that the accused acted with the intent to promote or assist the commission of the offense. Stroman v. State, 69 S.W.3d 325, 329 (Tex.App.-Texarkana 2002, pet. ref'd). In determining whether a defendant is a party to an offense, the court may examine the events occurring before, during, or after the offense is committed and may rely on the defendant's actions showing an understanding and common design to commit the offense. Marable v. State, 85 S.W.3d 287, 293 (Tex. Crim.App.2002).
While it was not conclusively demonstrated which of the six individuals were carrying the backpacks, even if it was the case that J.M.C.D. was the sixth individual not carrying a backpack, he was still culpable under the theory of parties liability. Taken in the light most favorable to the verdict, the evidence established that J.M.C.D. was one of the six individuals apprehended. Agent Butron testified that of the six, five individuals were hunched over, an indication to him that possible drug smuggling was occurring. This event occurred in the early morning hours when no one else was around. All of the participants remained together during their flight and their attempt to hide indicating action as a cohesive unit. When approached by Butron, all six individuals attempted to run. It is unlikely that J.M.C.D. would have attempted to flee if he was not aware of the nature of the contraband. Although none of the evidence is directly conclusive, when taken together it is sufficient for a reasonable trier of fact to determine that J.M.C.D. was either an individual actor or promoted or assisted in the commission of the offense. Consequently, the evidence is legally sufficient to prove that he had engaged in delinquent conduct beyond a reasonable doubt. The sole issue on appeal is overruled.
Having overruled Appellant's sole issue on review, we affirm the judgment of the trial court.