**Trudy Marie KYTE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–95–00187–CR.**

Court of Appeals of Texas, Texarkana.

March 26, 1997.

Rehearing Overruled April 23, 1997.

Dan K. Parchman, Mount Vernon, for appellant.

Timothy S. Linden, Assistant District Attorney, Sulphur Springs, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

Trudy Kyte appeals from a conviction for possession of methamphetamine. The jury assessed punishment at five years' confinement plus a fine of $2,500.00.

The issues are whether the evidence is legally and factually sufficient to prove Trudy Kyte guilty of possession of a controlled substance.

■ A person may not be convicted of possession of a controlled substance unless there is sufficient evidence to raise a reasonable inference that the person knew of the contraband's existence and exercised actual care, custody, control, or management over it. TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (Vernon 1992); *Fields v. State*, 932 S.W.2d 97 (Tex.App.-Tyler 1996, pet. ref'd).

In reviewing the legal sufficiency of the evidence, we examine the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Webb v. State*, 801 S.W.2d 529 (Tex.Crim.App.1990).

■ Whether the evidence satisfies the *Jackson* test is a question of law. If we determine that the evidence was legally sufficient under *Jackson* to support the verdict, we then review factual sufficiency, if it was properly raised. *Clewis v. State*, 922 S.W.2d 126 (Tex.Crim.App.1996).

■ The proper standard of review for factual sufficiency is to review all of the evidence without the prism of "in the light most favorable to the prosecution." We set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.

■ A defendant charged with knowingly and intentionally possessing drugs must be affirmatively linked with the drugs she allegedly possessed. *Brown v. State*, 911 S.W.2d 744, 748 (Tex.Crim.App.1995). Possession and control of drugs need not be exclusive but may be joint. *White v. State*, 890 S.W.2d 131, 139 (Tex.App.-Texarkana 1994, pet. ref'd) (citing *Cude v. State*, 716 S.W.2d 46, 47 (Tex.Crim.App.1986)). Mere possession of a vehicle in which contraband is found, without additional facts and circumstances connecting the accused to the contraband, will not support a conviction for possession. *Hernandez v. State*, 867 S.W.2d 900 (Tex.App.-Texarkana 1993, no pet.). If the defendant was not in exclusive possession of the place where the controlled substance was found, as in this case, we may not conclude that she had knowledge and control over the contraband unless additional independent facts and circumstances affirmatively link her to the contraband. *Brazier v. State*, 748 S.W.2d 505, 508 (Tex.App.-Houston [1st Dist.] 1988, pet. ref'd).

■ Factors to be considered when evaluating affirmative links include: 1) the defendant's presence when the search was executed; 2) whether the contraband was in plain view; 3) the defendant's proximity to and the accessibility of the contraband; 4) whether the defendant was under the influence of a controlled substance when arrested; 5) whether the defendant possessed other contraband when arrested; 6) whether the defendant made incriminating statements when arrested; 7) whether the defendant attempted to flee; 8) whether the defendant made furtive gestures; 9) whether there was an odor of the contraband; 10) whether other contraband or drug paraphernalia was present; 11) whether defendant owned or had the right to possess the place where the drugs were found; and 12) whether the place the drugs were found was enclosed. *Green v. State*, 892 S.W.2d 220, 222 (Tex.App.-Texarkana 1995, pet. ref'd).

■ Additional factors include whether the accused was the driver of the vehicle in which the contraband was found; whether paraphernalia to use the contraband was in view of or found on the accused; whether the conduct of the accused indicated a consciousness of guilt; whether the accused had a special connection to the contraband; whether the occupants of the automobile gave conflicting statements on relevant matters; whether the physical condition of the accused

indicated recent consumption of the contraband found in the car; and whether affirmative statements connect the accused to the contraband. *Gilbert v. State,* 874 S.W.2d 290, 298 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd).

Shea Patterson, a Franklin County deputy sheriff, testified that she stopped a car on Interstate Highway 30 in Franklin County. The car was driven by Trudy Kyte, Danny Kyte's wife, and Danny Kyte was a passenger in the front seat of the car. Patterson stopped the car for a traffic violation—following too close. The persons in the car seemed more nervous than usual for such a stop. Patterson asked for and received consent of both parties to search the vehicle. Both parties exited the vehicle. Another deputy sheriff, Lana Biggerstaff, arrived on the scene. Patterson made a pat-down search of Danny Kyte for weapons and found none. She then began a search of the interior of the car. There was a transmission lever protruding upward from the transmission in the center of the floorboard in the front area of the car. The carpet on the floorboard had been pulled back away from the shift lever, and when she lifted the carpet she saw a black, wadded-up piece of tape and a small round metal cylinder. She unwound the black tape and found a zip-lock bag containing a white powdery substance that she believed to be a controlled substance. She opened the small metal cylinder and found two brownish, rock-like substances and a small zip-lock bag containing more of a white powdery substance. She then placed the two persons under arrest.

On cross-examination Deputy Patterson testified that when she stopped the vehicle, she intended only to give them a warning for following too close, and that she did issue a verbal warning for that offense; that she did not feel threatened by Danny Kyte; that she wanted to search the car just to make sure; that the items which she found in the search of the car were not in plain view; that she did not advise the parties that they had a right to refuse the search; that neither she nor anyone else in the sheriff's department did a fingerprint check of the seized items; and that when she placed the parties under

arrest, she transported them to the sheriff's department.

Deputy Patterson testified on cross-examination that she did not know either of the persons in the car; that the only probable cause she had to believe there was contraband in the car was from the nervous way Trudy and Danny Kyte were acting during their background check; that the contraband was not visible from the driver's side of the front seat of the car; that there was no noticeable lump under the carpet where the drugs were found; that the registered owner of the vehicle is Steven Carr, who was later identified as the previous husband of Trudy Kyte; that she made a thorough search of the car for more drugs after the initial find, but found no more; that she did not inventory the contents of the car after it was seized; that it is not unusual for people to be nervous when stopped by an officer; and that she did not fingerprint either Danny Kyte or Trudy Kyte after their arrest.

Deputy Patterson testified that Steven Carr was not in the vehicle that night; that Trudy Kyte was driving the vehicle; and that she learned that Carr was the registered owner of the vehicle when she returned to the police station.

Trudy Kyte testified that she lives in Mt. Pleasant with her husband, Danny Kyte, and her mother; that she was arrested on February 3, 1995 with her husband on Interstate 30 near Sulphur Springs while driving a borrowed 1987 Monte Carlo; that her husband was a passenger in the car at the time of the arrest; that the car was a "loaner" she had borrowed from a garage owner, Steven Carr, for use while he worked on her pickup; that her husband had called her and told her that the pickup he was driving had broken down in Sulphur Springs and that she was to meet him at a truck stop in that town; that she drove from Mt. Pleasant to Sulphur Springs and met her husband as requested; that she then drove her husband to the place on Interstate 30 where his pickup had broken down; that when they arrived at the pickup, police officers were there, and those officers assumed that the pickup was an abandoned stolen vehicle; that her husband was placed under arrest for theft of the vehicle; that she

checked into a nearby motel, where she spent the night; that Danny Kyte was released by the police the next morning after they determined that the pickup he was driving had not been stolen; that later, she and her husband left the motel in the 1987 Monte Carlo that she was driving; that Deputy Patterson arrested her for following too close behind the deputy's patrol car; that both she and her husband gave Deputy Patterson permission to search the Monte Carlo; that Deputy Patterson found under the carpet of the car what she believed to be contraband; that she was unaware of its existence in the car; and that she believed that Wayne Franks may have put the drugs in the car, because he had access to it before and after she borrowed it.

Steven Carr testified that Wayne Franks was antagonistic towards Danny Kyte and that he had access to the Monte Carlo in which the drugs were found.

■ The testimony of Deputy Patterson was not sufficient for a rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt, i.e., the State failed to prove that Trudy Kyte knew of the existence of the contraband and that she exercised actual care, custody, control, or management over it. Deputy Patterson's testimony did establish that Trudy Kyte was driving the car in question and she and her husband, Danny Kyte, were in possession of the Monte Carlo in which the contraband was found. Mere possession of a car alone, however, will not support a conviction for possession of contraband. *Hernandez,* 867 S.W.2d 900.

We conclude that the verdict is not supported by legally as well as factually sufficient evidence. There is no showing that the drugs were in plain view; the vehicle in question was not owned by Trudy Kyte or her husband; there is no evidence that the drugs emitted an odor; no drug paraphernalia was found on the person of either Trudy Kyte or her husband; neither Trudy nor her husband engaged in any conduct indicating a consciousness of guilt; there was no showing that Trudy Kyte or her husband had a special relationship to the contraband; neither Trudy Kyte nor her husband gave conflicting statements about any relevant matter; there

was no indication of recent consumption of contraband, nor did Trudy Kyte or her husband make any affirmative statement connecting them to the contraband. *See Gilbert,* 874 S.W.2d 290. In addition, the testimony of Deputy Patterson indicated that neither Trudy Kyte nor her husband attempted to flee or made any furtive gestures; and neither Trudy Kyte nor her husband made any incriminating statements when arrested. At best, Deputy Patterson showed that contraband was under the floor mat, hidden from view, in a car that Trudy Kyte had borrowed from another person. There are not sufficient independent facts and circumstances to link Trudy Kyte affirmatively to the contraband. *See Brazier,* 748 S.W.2d 505. Both points of error are sustained.

The judgment of the trial court is reversed, and a judgment of acquittal is rendered.