IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00400-CR

 

Jamall Riddan Kennedy,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2005-784-C

 



MEMORANDUM  Opinion










 

      Kennedy appeals his conviction for
unlawful possession of a firearm by a felon.  See Tex. Penal Code Ann. § 46.04(a),
(e) (Vernon Supp. 2006).  We affirm.

      In two issues, Kennedy contends that the
evidence of possession was insufficient.  See Tex. Penal Code Ann. § 1.07(a)(39) (Vernon Supp. 2006). 
The pistol was found under the seat of a car that Kennedy was driving.

      Legal Sufficiency.  In
Kennedy’s first issue, he contends that the evidence was legally insufficient. 
“When deciding whether evidence is [legally] sufficient to support a
conviction, a reviewing court must assess all the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could
find the essential elements of the crime beyond a reasonable doubt.”  Evans
v. State, No. PD-1911-05, 2006 Tex. Crim. App. LEXIS 1815, at *6 (Tex.
Crim. App. Sept. 20, 2006) (quoting Evans v. State, 185 S.W.3d 30, 37
(Tex. App.—San Antonio 2005), rev’d on other grounds, Evans, 2006 Tex.
Crim. App. LEXIS 1815) (alteration in Evans, 2006 Tex. Crim. App. LEXIS
1815); accord Hampton v. State, 165 S.W.3d 691, 693 (Tex. Crim. App.
2005); see Jackson v. Virginia, 443 U.S. 307, 319 (1979).  “A ‘legal
sufficiency of the evidence review does not involve any weighing of favorable
and non-favorable evidence.’”  Margraves v. State, 34 S.W.3d 912, 917
(Tex. Crim. App. 2000) (quoting Cardenas v. State, 30 S.W.3d 384[, 389]
(Tex. Crim. App. 2000)).  

      Kennedy points to the absence
of evidence that he was nervous during his encounter with the police officers,
that he made any incriminating statements, that his fingerprints were on the
pistol, or that he attempted to flee; and argues that “there was nothing on his
person to connect him with the gun” and that “there was no evidence to prove
that he had any type of special relationship to the gun,” (Br. at 4).  Kennedy
also points to evidence contrary to the verdict in the form of Kennedy’s denial
to the officers that there was a gun in the car and testimony by another
witness that the pistol and car belonged to her and that she put the pistol in
the car without Kennedy’s knowledge.  Kennedy also argues that the gun was not
in his plain view and not easily accessible by him.  Kennedy also contends that
what the police officers took as Kennedy’s furtive gesture of concealing the
pistol under the seat might have been Kennedy’s concealing the marijuana found
in his shirt pocket.  (Br. at 7-8 (analyzing Kyte v. State, 944 S.W.2d
29 (Tex. App.—Texarkana 1997, no pet.)).)  The State points primarily to
evidence that Kennedy was the driver and sole occupant of the car; that the
police officers saw Kennedy reach toward the floorboard near where the officers
found the pistol; that the pistol was within Kennedy’s easy reach; and that the
pistol was a powerful .357 Magnum with enlarged, “after-market grips,” such
that it would not be suitable for a person who was not strong or who had small
hands, (3 R.R. at 111).

      Viewing the evidence in the
light most favorable to the verdict, we hold that a rational trier of fact
could have found beyond a reasonable doubt that Kennedy possessed the pistol. 
The evidence was legally sufficient.  We overrule Kennedy’s first issue.

      Factual Sufficiency. In
Kennedy’s second issue, he contends that the evidence was factually
insufficient.  “In a factual-sufficiency analysis, the evidence is viewed in a
neutral light.”  Drichas v. State, 175 S.W.3d 795, 799 (Tex. Crim. App.
2005) (citing Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App.
1996)); accord Prible v. State, 175 S.W.3d 724, 730-31 (Tex. Crim. App.),
cert. denied, 126 S. Ct. 481 (2005).  The court of appeals must
“exercise appropriate deference in order to avoid substituting its judgment for
that of the jury, particularly in matters of credibility.”  Drichas at
799 (citing Clewis at 133); accord Zuniga v. State, 144 S.W.3d
477, 481 (Tex. Crim. App. 2004), overruled in part on other grounds, Watson
v. State, No. PD-469-05, 2006 Tex. Crim. App. LEXIS 2040, at *2 (Tex. Crim. App. Oct. 18, 2006).

There are two ways in which a court may find the
evidence to be factually insufficient: the evidence supporting the finding,
considered alone, is too weak to support the jury’s finding beyond a reasonable
doubt; or the contravening evidence is so strong that the state could not have
met its burden of proof.

Drichas at 799 (citing Zuniga at 484-85).  

      Kennedy contends that the
evidence was “so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust.”  (Br. at 8 (citing Jones v. State, 963 S.W.2d
826, 830 (Tex. App.—Texarkana 1998, pet. ref’d)); see Kennedy Br.
at 9, 10.)  Kennedy does not point to any evidence that he did not point to in
his first issue.  The State argues that the jury could have disbelieved the
testimony of Kennedy’s child’s mother, who claimed the pistol.

      Viewing the evidence in a
neutral light, and giving due deference to the jury’s determinations of
credibility, we hold that the evidence contrary to the finding that Kennedy
possessed the pistol was not so strong that the State could not have met the
burden of proof beyond a reasonable doubt.  The evidence was factually
sufficient.  We overrule Kennedy’s second issue.

      Having
overruled Kennedy’s issues, we affirm.

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice
Reyna

Affirmed

Opinion
delivered and filed November 15, 2006

Do
not publish

[CR25]