NO. 07-09-0232-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 31, 2010
_____

ELI CASTRO,

Appellant

v.

THE STATE OF TEXAS

Appellee
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 57,898-E; HON. DOUGLAS WOODBURN, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK, and PIRTLE, JJ.

Appellant, Eli Castro, appeals his conviction for possessing a controlled substance with the intent to deliver. His two issues encompass the legal and factual sufficiency of the evidence. We affirm.

### *Background*

Officer Callahan with the Amarillo Police Department testified that he had received a tip from a confidential informant regarding someone who would have approximately three-quarters of an ounce of methamphetamine on him. The person at

issue was appellant, and the officer was told by the informant that appellant would be in a particular area driving a blue "2001 Mercury Grand Marquis." The information was relayed to Officer Lavery, who proceeded to the location and found the vehicle parked by a curb. Lavery watched as appellant, who was alone, began to drive away in it. As he did so, appellant committed two traffic violations. This resulted in Officer Lavery initiating a traffic stop.

Lavery discovered that appellant's driver's license had expired. Furthermore, the address on it was incorrect. Eventually, appellant consented to the search of the vehicle. By that time, another officer had arrived at the scene and participated in the search. Under the driver's seat was found a "green coin purse" containing a metal spoon, a set of digital scales, "two plastic baggies of methamphetamine, one baggy of marijuana, [and] several other plastic baggies." According to various testifying officers, the plastic bags were of a type "commonly used to package narcotics" and the amount of methamphetamine found (16.96 grams) indicated a "dealer amount" as opposed to a quantum for personal use.

During trial, the defense called appellant's mother to testify. She stated that the vehicle and coin purse were hers, that the purse did not contain scales, baggies, or drugs in it the last time she used it, and that other people (in addition to appellant) had permission to use the car.

### *Issues One and Two – Sufficiency of the Evidence*

Appellant contends that the evidence is both legally and factually insufficient to support his conviction. Purportedly, the State failed to prove that he knowingly possessed or exercised control over the methamphetamine. We overrule the issues.

2

The standards by which we review the sufficiency of the evidence are well established. We refer the parties to *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Watson v. State*, 204 S.W.3d 404 (Tex.Crim.App. 2006) for their explanation. Next, to convict appellant of possessing methamphetamine with intent to deliver, the State had to prove that 1) appellant, 2) intentionally and knowingly, 3) possessed, 4) methamphetamine of four grams or more but less than 200 grams, and 5) with the intent to deliver. TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) & (d) (Vernon Supp. 2009). Irrespective of whether the evidence being proffered to establish these elements was direct or circumstantial, it had to illustrate, "to the requisite level of confidence, that [appellant's] . . . connection with the drug was more than just fortuitous." *Brown v. State*, 911 S.W.2d 744, 747 (Tex Crim. App. 1995). Furthermore, his mere presence at the site where drugs were found, without more, is insufficient to establish actual care, custody, or control of the contraband. *See Martin v. State,* 753 S.W.2d 384, 387 (Tex. Crim. App. 1988).

In addressing this topic, the courts have developed numerous factors deemed useful in determining whether the accused's link to the contraband was more than mere fortuity. Though not exclusive, they nevertheless include such things as whether 1) the accused was present when the search was conducted, 2) the contraband was plainly visible by those present, 3) the drugs were near the defendant, 4) the defendant was under the influence of the substance found, 5) the defendant possessed other contraband or drug paraphernalia when arrested, 6) the defendant made any incriminating statements, 7) the defendant attempted to flee, 8) the defendant made furtive gestures, 9) the contraband emitted a recognizable odor at the time, 10) other contraband or drug paraphernalia was present, 11) the defendant had the right to

3

exclusive or joint possession of the locale at which the drugs were found, 12) the place where the drugs were found was enclosed, 13) the accused attempted to conceal the contraband, and 14) the accused was familiar with the type of contraband. *Kyte v. State*, 944 S.W.2d 29, 31 (Tex. App.–Texarkana 1997, no pet.); *Hurtado v. State*, 881 S.W.2d 738, 743 n.1 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd). Furthermore, the number of factors established is not as important as the degree to which they tend to affirmatively link the defendant to the contraband. *Wallace v. State*, 932 S.W.2d 519, 524 (Tex. App.–Tyler 1995, pet. ref'd). In other words, if evidence satisfying less than all the aforementioned indicia is produced, conviction may still be permitted if the evidence establishes, beyond reasonable doubt, appellant's knowing link to the drugs.

In the case at bar, the jury was told of 1) a tip from a confidential informant, 2) the informant disclosing that appellant would be possessing the methamphetamine in question, 3) the informant knowing this because he was engaged in "some sort of transaction with appellant," 4) the informant directing the police to a particular area and car in which appellant could be found, 5) appellant being discovered in the area and car described, 6) no one else being in the vehicle, 7) the drugs and drug paraphernalia being found under the seat on which appellant sat, and 8) the coincidence between the quantum of methamphetamine described by the informant and the amount found under appellant. This data constituted some evidence from which a rational jury could conclude, beyond reasonable doubt, that appellant intentionally and knowingly exercised control over the narcotics and paraphernalia.

That appellant's mother owned the car, gave several people permission to use it, and owned the coin purse are circumstances that the jury could have weighed in making its decision. However, they do not negate the substance of the informant's

4

information or its accuracy.  Nor do they suggest that someone other than appellant had placed the drugs in the purse or car or that appellant did not possess the drugs. Indeed, appellant's mother denied having those items in the purse when she last used it.  So, we cannot say, given the entire record, that the verdict was either clearly erroneous or manifestly unjust.

Concluding that the evidence was and is both legally and factually sufficient to support the verdict, we affirm the judgment of the trial court.

Brian Quinn
Chief Justice

Do not publish.