NO. 07-09-0276-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



MAY
4, 2010

 



 

DARRON T. MOORE,

  

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,

  

                                                                                         Appellee

____________________________

 

FROM THE 364TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2007-414,858; HONORABLE BRADLEY
S. UNDERWOOD, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.



         Darron T. Moore was convicted of
possession of a controlled substance (cocaine) with intent to deliver.  On appeal, he challenges the legal and
factual sufficiency of the evidence to sustain his conviction and the trial
court’s denial of his motion to suppress. 
We affirm the judgment of the trial court.  

            Background

            Law enforcement officers with the
Drug Enforcement Agency received a tip from a confidential informant that two
individuals had a quantity of cocaine in a certain motel room at the Sunset
Motel in Lubbock.  They obtained a search
warrant and executed it within 72 hours on December 8, 2006.  As they approached the room, they observed a
white female nearing the door.  A black
female opened the door of the room.  When
the black female saw that police officers were outside the room, she shut the
door.  As the officers entered the room,
the black female was sitting on the bed. 
Apppellant was seen completely naked with his hand in the toilet of the
bathroom.  Two bags of cocaine were
extracted from the swirling toilet.  

            Issues 1 and 2 – Legal and Factual
Sufficiency of the Evidence

            In
his first two issues, appellant argues that there is insufficient evidence to
prove that the drugs belonged to him. 
The standards by which we review the sufficiency of the evidence are
discussed in Jackson v. Virginia, 443
U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and Watson v. State, 204 S.W.3d 404 (Tex. Crim. App. 2006).  To convict appellant of the charged offense,
the State had to prove that appellant intentionally and knowingly possessed
cocaine with the intent to deliver.  Tex. Health & Safety Code Ann. §481.115(d)
(Vernon Supp. 2009).  Thus, it had to
prove that appellant’s connection with the drug was “more than just
fortuitous.”  Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).  Furthermore, his mere presence at the site
where the drugs were found, without more, is insufficient to establish actual
care, custody, or control of the narcotics. 
See Martin v. State, 753
S.W.2d 384, 387 (Tex. Crim. App. 1988).  

            Courts
have developed numerous factors found to be useful in determining whether the
accused’s link to the contraband was more than mere fortuity.   Although not exclusive, the list includes
whether 1) the accused was present when the search was conducted, 2) the
contraband was plainly visible by those present, 3) the drugs were near the
defendant, 4) the defendant was under the influence of the substance found, 5)
the defendant possessed other contraband or drug paraphernalia when arrested,
6) the defendant made any incriminating statements, 7) the defendant attempted
to flee, 8) the defendant made furtive gestures, 9) the contraband emitted a
recognizable odor at the time, 10) other contraband or drug paraphernalia was
present, 11) the defendant had the right to exclusive or joint possession of
the place where the drugs were found, 12) the place where the drugs were found
was enclosed, 13) the accused attempted to conceal the contraband, and 14) the
accused was familiar with the type of contraband.  Kyte v.
State, 944 S.W.2d 29, 31 (Tex. App.–Texarkana 1997, no pet.); Hurtado v. State, 881 S.W.2d 738, 743
n.1 (Tex. App.–Houston [1st Dist.] 1994, pet. ref’d).  The number of factors established is not as
important as the degree to which they tend to link the defendant to the
offense.  Wallace v. State, 932 S.W.2d 519, 524 (Tex. App.–Tyler 1995, pet.
ref’d).  

            Here,
the jury was presented evidence of 1) a tip from a confidential informant
disclosing that cocaine was present in that particular motel room in the
possession of a black male known as “Dizzy” and a black female known as “Nookie,”
2) appellant being discovered in the motel room at a motel commonly known for
drug distribution, 3) appellant being naked in the bathroom in the presence of
the drugs, 4) appellant having his hand in the toilet where the drugs were
found, 5) the black female in the room having perceived the presence of the
officers and shutting the door in their face, 6) the toilet where the drugs were
located having been flushed, and 7) the amount of drugs present constituting
more than that of mere personal use.  As
previously stated, the number of factors established is not as important as the
degree to which they tend to link the accused to the drugs.  The aforementioned evidence constitutes
sufficient indicia to enable jurors to rationally conclude beyond a reasonable
doubt that appellant knowingly and intentionally had care, custody, and control
of the narcotics.  Moreover, that
appellant attacked the credibility of the officers executing the affidavit does
not render that verdict manifestly unjust. 
Appellant’s first two issues are overruled.

            Issue 3 – Motion to Suppress

 
          In his third issue, appellant claims the
trial court should have suppressed the evidence found as a result of execution
of the search warrant.  We overrule the
issue for appellant uttered “no objection” when the evidence was offered by the
State.  Having said that, he waived any
complaint he may have had.   Brown v. State, 183 S.W.3d 728, 741
(Tex. App.–Houston [1st Dist.] 2005, pet. ref’d). 

            Accordingly,
the judgment is affirmed. 

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice

 

Do not publish.