NO. 07-09-0276-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 4, 2010

_____

DARRON T. MOORE,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-414,858; HONORABLE BRADLEY S. UNDERWOOD, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Darron T. Moore was convicted of possession of a controlled substance (cocaine) with intent to deliver. On appeal, he challenges the legal and factual sufficiency of the evidence to sustain his conviction and the trial court's denial of his motion to suppress. We affirm the judgment of the trial court.

*Background*

Law enforcement officers with the Drug Enforcement Agency received a tip from a confidential informant that two individuals had a quantity of cocaine in a certain motel

room at the Sunset Motel in Lubbock. They obtained a search warrant and executed it within 72 hours on December 8, 2006. As they approached the room, they observed a white female nearing the door. A black female opened the door of the room. When the black female saw that police officers were outside the room, she shut the door. As the officers entered the room, the black female was sitting on the bed. Apppellant was seen completely naked with his hand in the toilet of the bathroom. Two bags of cocaine were extracted from the swirling toilet.

*Issues 1 and 2 – Legal and Factual Sufficiency of the Evidence*

In his first two issues, appellant argues that there is insufficient evidence to prove that the drugs belonged to him. The standards by which we review the sufficiency of the evidence are discussed in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006). To convict appellant of the charged offense, the State had to prove that appellant intentionally and knowingly possessed cocaine with the intent to deliver. TEX. HEALTH & SAFETY CODE ANN. §481.115(d) (Vernon Supp. 2009). Thus, it had to prove that appellant's connection with the drug was "more than just fortuitous." *Brown v. State,* 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). Furthermore, his mere presence at the site where the drugs were found, without more, is insufficient to establish actual care, custody, or control of the narcotics. *See Martin v. State,* 753 S.W.2d 384, 387 (Tex. Crim. App. 1988).

Courts have developed numerous factors found to be useful in determining whether the accused's link to the contraband was more than mere fortuity. Although not exclusive, the list includes whether 1) the accused was present when the search

2

was conducted, 2) the contraband was plainly visible by those present, 3) the drugs were near the defendant, 4) the defendant was under the influence of the substance found, 5) the defendant possessed other contraband or drug paraphernalia when arrested, 6) the defendant made any incriminating statements, 7) the defendant attempted to flee, 8) the defendant made furtive gestures, 9) the contraband emitted a recognizable odor at the time, 10) other contraband or drug paraphernalia was present, 11) the defendant had the right to exclusive or joint possession of the place where the drugs were found, 12) the place where the drugs were found was enclosed, 13) the accused attempted to conceal the contraband, and 14) the accused was familiar with the type of contraband. *Kyte v. State,* 944 S.W.2d 29, 31 (Tex. App.–Texarkana 1997, no pet.); *Hurtado v. State,* 881 S.W.2d 738, 743 n.1 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd). The number of factors established is not as important as the degree to which they tend to link the defendant to the offense. *Wallace v. State,* 932 S.W.2d 519, 524 (Tex. App.–Tyler 1995, pet. ref'd).

Here, the jury was presented evidence of 1) a tip from a confidential informant disclosing that cocaine was present in that particular motel room in the possession of a black male known as "Dizzy" and a black female known as "Nookie," 2) appellant being discovered in the motel room at a motel commonly known for drug distribution, 3) appellant being naked in the bathroom in the presence of the drugs, 4) appellant having his hand in the toilet where the drugs were found, 5) the black female in the room having perceived the presence of the officers and shutting the door in their face, 6) the toilet where the drugs were located having been flushed, and 7) the amount of drugs present constituting more than that of mere personal use. As previously stated, the

3

number of factors established is not as important as the degree to which they tend to link the accused to the drugs. The aforementioned evidence constitutes sufficient indicia to enable jurors to rationally conclude beyond a reasonable doubt that appellant knowingly and intentionally had care, custody, and control of the narcotics. Moreover, that appellant attacked the credibility of the officers executing the affidavit does not render that verdict manifestly unjust. Appellant's first two issues are overruled.

*Issue 3 – Motion to Suppress*

In his third issue, appellant claims the trial court should have suppressed the evidence found as a result of execution of the search warrant. We overrule the issue for appellant uttered "no objection" when the evidence was offered by the State. Having said that, he waived any complaint he may have had. *Brown v. State,* 183 S.W.3d 728, 741 (Tex. App.–Houston [1st Dist.] 2005, pet. ref'd).

Accordingly, the judgment is affirmed.


Brian Quinn
Chief Justice


Do not publish.

4