NO. 07-09-0369-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 3, 2010
_____

SHAUN HEATH BROOKS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 251st DISTRICT COURT OF RANDALL COUNTY;

NO. 20486-C; HON. ANA ESTEVEZ, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Shaun Heath Brooks appeals his conviction for possessing a controlled substance. His six issues involve the sufficiency of the evidence establishing his guilt and the trial court's decision to include a parties' charge in its jury instructions. We affirm.

***Background***

Amarillo Police Department narcotics agents were conducting surveillance on a known drug house. While officers were watching the house, a green Cadillac left the location. Appellant sat in the back seat of the vehicle, behind the driver. Officers in unmarked cars followed the Cadillac until it committed a traffic violation. Then, they directed a motorcycle officer (Hill) to stop the vehicle. Hill complied, obtained the driver's identification, and walked to another officer's squad car to run a check for outstanding arrest warrants.

While checking the driver's information, Hill was advised by the undercover officers that he needed appellant to step out of the car and obtain identification information. Upon returning to the Cadillac, Hill asked appellant to step out of the car. As appellant did so, he made "a motion with his left hand . . . a throwing motion with his left hand back inside the car," according to Hill. The latter also saw "an object fly out of [appellant's] left hand and it flipped in the air and landed on the back seat." Because this led Hill to believe that appellant was trying to conceal something, the officer grasped appellant, placed him against the car, and handcuffed him. The officer then looked inside the car for the object appellant tossed but could not immediately find it.

Hill questioned the driver about the item. Appellant's colleague stated that she did not know what he was talking about. The officer then directed her to exit the car and began searching the back seat. Upon doing so, he discovered a "small, about one inch size square blue plastic baggie with a crystal powdery type substance in it" lying "between the two little pieces of the seat in the crack." The packet, according to Hill, was the object he observed appellant tossing.

After being arrested, appellant informed Hill that the female driving the car had "tossed" the packet to him. The jury found appellant guilty of possessing the controlled substance found in the packet.

### Issues One and Two – Links to the Drugs

In his first two issues, appellant contends that the evidence is insufficient to link him to the contraband found in the car. We disagree and overrule the issues.

The standards of review for legal and factual sufficiency are found in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to those cases.

Next, one may not be convicted of possessing a controlled substance unless he exercised actual care, control, or custody of it and knew the matter was contraband. *Poindexter v. State,* 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). Furthermore, the courts have divined numerous factors useful in determining whether such a nexus and such knowledge existed. Though not an exclusive list, it includes such things as whether 1) the accused was present when the search was conducted, 2) the contraband was plainly visible to those present, 3) the drugs were near the defendant, 4) the defendant was under the influence of the substance found, 5) the defendant possessed other contraband or drug paraphernalia when arrested, 6) the defendant made any incriminating statements, 7) the defendant attempted to flee, 8) the defendant made any furtive gestures, 9) the contraband emitted a recognizable odor at the time, 10) other contraband or drug paraphernalia was present, 11) the defendant had the right to exclusive or joint possession of the locale at which the drugs were found, 12) the place where the drugs were found was enclosed, 13) the accused attempted to conceal

the contraband, and 14) the accused was familiar with the type of contraband involved. *Kyte v. State,* 944 S.W.2d 29, 31 (Tex. App.–Texarkana 1997, no pet.); *Hurtado v. State,* 881 S.W.2d 738, 743 n.1 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd). The number of factors present is not as important as the degree to which they tend to link the defendant to the contraband. *Wallace v. State,* 932 S.W.2d 519, 524 (Tex. App.–Tyler 1995, pet. ref'd). Thus, it is the logical force of the circumstantial evidence, not the number of links**,** that supports a jury's verdict. *Evans v. State,* 202 S.W.3d 158, 166 (Tex. Crim. App. 2006).

Appearing of record is evidence that 1) appellant was present in the car where the drugs were found, 2) appellant admitted to having received a blue packet tossed to him by the car's driver, 3) the blue packet contained methamphetamine, 4) appellant tossed the same packet into the back seat when he was asked to get out of the car, 5) the location of the object once it was retrieved was in close proximity to where appellant had sat, 6) the place where the drugs were found was enclosed, 7) like contraband was found in a purse sitting by the front seat passenger who happened to be appellant's sister, and 8) the group had just left a locale from which drugs were sold. These facts are sufficient to link appellant to the drugs and provide some evidence upon which a juror could rationally conclude, beyond reasonable doubt, that he exercised care, custody, or control over them.

We recognize that appellant offered an alternative theory for the jury's consideration. Yet, the jury was not required to believe that, *see Evans v. State,* 202 S.W.3d at 166, and we cannot say that its rejection of the theory undermines our confidence in the verdict. We further note that even if the drugs belonged to the driver

4

and she tossed them to appellant that does not *ipso facto* insulate him from possessing them.  It is quite possible for multiple people to exercise care, custody and control over the same contraband.  Moreover, we have been cited to nothing that suggests that an accused must exercise such care, custody, and control for a certain period of time before he becomes culpable of possessing them.  The moments it takes to receive drugs from one person and pass them to another or receive them and immediately attempt to hide them may be all that it takes depending on the accused's knowledge and *mens rea.*  In any case, the record fails to support the allegations that appellant's verdict lacked the support of legally and factually sufficient evidence.

### *Issues Three and Four – Party Theory*

Through his third and fourth issues, appellant contends that the evidence was insufficient to show he acted as a party to the offense of possessing controlled substances.  We again disagree and overrule the issues.

Since there exists sufficient evidence to hold him culpable as the primary actor, it matters not whether like evidence illustrates that appellant was a party to another's effort at possessing contraband.  *See Miles v. State*, 07-02-0108-CR, 2003 Tex. App. Lexis 1668, at \*10-11 (Tex. App.–Amarillo February 24, 2003, pet. ref'd) (not designated for publication) (holding that when different theories, *i.e.* commission of a crime as the primary actor or as a party, are submitted to the jury, a general verdict is sufficient if the evidence supports one of the theories submitted); *Barnes v. State,* 62 S.W.3d 288, 299 (Tex. App.–Austin 2001, pet. ref'd) (holding the same).

5

### *Issues Five and Six - Charge on the Law of Parties*

In his final two issues, appellant argues that the trial court erred in overruling his objection to submitting a parties' charge to the jury. This is allegedly so because no evidence warranted the submission. We overrule these issues as well.

In reaching our decision, we find guidance in *Brown v. State,* 716 S.W.2d 939 (Tex. Crim. App. 1986) and *Reyes v. State*, 910 S.W.2d 585 (Tex. App.–Amarillo 1995, pet. ref'd). Both hold that any error in charging the jury on the law of parties is harmless "if the evidence clearly supports appellant's guilt as a primary actor." *Brown v. State,* 716 S.W.2d at 946; *Reyes v. State*, 910 S.W.2d at 593. Having previously determined that the evidence was legally and factually sufficient to sustain appellant's conviction as the primary actor, we find that appellant suffered no harm when the trial court included the party instruction in its jury charge, assuming *arguendo* that the act was erroneous.

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn
Chief Justice


Do not publish.

6