NO. 07-11-0212-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 10, 2012

ANTHONY LOCKETT,

                                                            Appellant
                            v.

THE STATE OF TEXAS,

                                                            Appellee

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-422,947; HONORABLE JIM BOB DARNELL, PRESIDING

*Memorandum Opinion*

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Anthony Lockett challenges the sufficiency of the evidence to support his conviction of possession of cocaine in an amount of four grams or more but less than two hundred grams. He claims that the evidence of his flight from the scene where a bag of cocaine was found does not show that he knew of the drug's existence. We affirm the judgment.

We review challenges to the sufficiency of the evidence under the standard discussed in *Brooks v. State,* 323 S.W.3d 893 (Tex. Crim. App. 2010). To prove

possession of a controlled substance, the State must show that the person exercised actual care, control, or custody of the substance and knew the matter was contraband. *Poindexter v. State,* 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). Here, there was evidence that appellant and another person were in a vehicle which a law enforcement officer attempted to stop for failing to have a front license plate. Appellant, who was the driver of the vehicle, fled from the officer in the vehicle and, after crashing it, fled on foot. Subsequent to appellant's capture, a bag of cocaine was found on the hood of the vehicle. The other person in the vehicle was not found. Appellant contends that his presence and flight from the scene is not sufficient to show that he knew his passenger "Pookie" possessed cocaine.[1]

The following factors have been found useful in determining whether knowledge of the possession of a controlled substance exist: 1) the accused was present when the search was conducted, 2) the contraband was plainly visible to those present, 3) the drugs were near the defendant, 4) the defendant was under the influence of the substance found, 5) the defendant possessed other contraband or drug paraphernalia when arrested, 6) the defendant made incriminating statements, 7) the defendant attempted to flee, 8) the defendant made furtive gestures, 9) the contraband emitted a recognizable odor at the time, 10) the defendant had the right to exclusive or joint possession of the locale at which the drugs were found, 11) the place where the drugs were found was enclosed, 12) the accused attempted to conceal the contraband, and 13) the accused was familiar with the type of contraband involved. *Kyte v. State,* 944

---

[1]The jury was permitted to find appellant guilty by acting alone or with the intent to promote or assist the commission of the offense by "Pookie."

S.W.2d 29, 31 (Tex. App.–Texarkana 1997, no pet.); *Hurtado v. State,* 881 S.W.2d 738, 743 n.1 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd).  The number of factors present is not as important as the degree to which they tend to link the defendant to the contraband.  *Wallace v. State,* 932 S.W.2d 519, 524 (Tex. App.–Tyler 1995, pet. ref'd).

Although appellant's flight from law enforcement when he was only being stopped for failing to have a front license plate is a significant factor supporting appellant's guilt,[2] it is not the only one.  There was evidence that the cocaine could not have been on top of the vehicle during the chase, meaning that someone put it there after the vehicle chase ended with that someone most likely being appellant or "Pookie."  It is also a reasonable inference that prior to the placement of the cocaine on the hood of the car, it was in the enclosed vehicle with appellant and "Pookie."  Additionally, there was evidence of jail telephone calls between appellant and "Pookie" after appellant's arrest in which appellant asked "Pookie" what he had done with the substance and appellant conceded he would plead guilty if he received a plea offer satisfactory to him.[3] This is some evidence from which a rational jury could find beyond a reasonable doubt that appellant was in possession of the cocaine or assisted "Pookie" in doing so rendering the evidence legally sufficient.

---

[2]Appellant argues that his flight may have been occasioned by his knowledge that he did not have a front license plate as opposed to his knowledge of the cocaine.  He also argues that he did not know that "Pookie" had the cocaine in the car until sometime after his arrest.  Those determinations were for the jury to make, and we will not disturb its decisions on appeal.

[3]No plea offer was pending from the State at that time.

Accordingly, the judgment is affirmed.

Per Curiam

Do not publish.