NO. 07-08-0024-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C  

MARCH 6, 2009

______________________________

RICHARD OWEN DAVIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE CRIMINAL 
DISTRICT COURT NO. 1 OF TARRANT COUNTY;

NO. 1045556D; HONORABLE SHAREN WILSON, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

Appellant, Richard Owen Davis, 
was convicted by a jury of the offense of unlawful possession of a firearm,
(footnote: 1) enhanced by two prior felony convictions,
(footnote: 2) and sentenced to twenty-five years confinement.  Appellant contends the evidence at trial was (1) legally insufficient and (2) factually insufficient to support his conviction.  
We affirm.

Background

On February 12, 2007, the Tarrant County Grand Jury returned an indictment against Appellant for felon in possession of a firearm.  The indictment contained habitual and/or repeat offender provisions.  

At trial, Allen Williby, Tarrant County Deputy Sheriff, testified that, on November 18, 2006, he was working security for Fincher Sand and Gravel.  As he was making his rounds, he observed a truck parked in a quarry.  The quarry was a part of the property not open to the public and the truck’s lights were off.  He approached the truck and identified himself as a Deputy Sheriff.  Appellant was driving and Ryan Shada was a passenger.  Appellant indicated that he was working for the owner of the quarry and attempting to remove a backhoe to another location.  Williby asked if there were any weapons in the truck and Appellant looked towards Shada.  Williby then observed a sword on Appellant’s person.  When asked, Appellant identified the weapon as a sword.  Williby then asked again if there were any other weapons in the truck, and Appellant indicated that he had a .22 caliber revolver.  Williby observed the revolver holstered on Appellant’s hip.  He asked again if there were any other weapons in the vehicle, and  Appellant indicated there was a second gun in a bag on the floor.  Williby asked Appellant and Shada to get out of the truck and handcuffed them. He removed the .22 caliber revolver from Appellant’s holster.  He also found a .40 caliber Glock in a black bag located on the bench seat between Appellant and Shada.  The bag was positioned closer to Appellant than Shada.  Both guns were fully loaded.  Williby placed Appellant under arrest.  

Shada testified for the defense.  He explained that he and Appellant were at the quarry to retrieve a backhoe purchased from the quarry’s owners.  The backhoe was mired down in a swampy area.  When Williby approached them sitting in the truck, they were waiting for the quarry’s owners to bring a piece of equipment to assist them.  He testified that he owned both guns and they were registered in his name.  He kept the Glock in a carrying bag with his business papers.  He testified that, although Appellant was wearing a holster that night, he had a flashlight in its carrying compartment and the .22 caliber revolver was on the bench seat between Shada and Appellant.  As they were getting out of the pickup, Williby asked Appellant if he had a gun, Appellant responded that he did and handed the .22 revolver to Williby.  When asked again if there were any other weapons in the truck, Shada testified he responded that he had one in his bag and handed it over to Williby.  He testified that Appellant did not touch either weapon until asked to do so by the Deputy.  

Shada further testified that the .22 caliber revolver had likely been in the truck driven by Appellant for several weeks.  Appellant regularly drove the truck when performing mechanic work for Shada.  He testified that Appellant was aware the revolver was in the truck when Appellant drove the truck to the quarry.  When Williby approached the truck, Shada testified that he probably put the .22 revolver on the bench seat but then admitted he had no idea who placed the .22 revolver there–it could have been either of them.  He testified that the Glock was sitting next to him in the pickup.

Thereafter, the jury returned a verdict of guilty for the offense of unlawful possession of a firearm.  The jury later found the habitual and/or repeat offender notice true during the punishment phase and sentenced Appellant to twenty-five years.  The trial court subsequently entered its judgment and this appeal followed.

Discussion

Appellant contends the evidence at trial was legally and factually insufficient to support a conviction for felon in possession of a firearm because the State failed to establish that he had custody, care, and control over either firearm, i.e., an affirmative link between Appellant and either weapon.  In support, Appellant points to testimony that: (1) Shada owned the weapons; (2) Shada owned the truck Appellant was driving; (3) 
the weapons were not in plain view; and (4) Appellant did not handle the firearms until asked to do so by Williby. 

I. Legal Sufficiency

When conducting a legal sufficiency review of the evidence to support a criminal conviction, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  
Drichas v. State
, 175 S.W.3d 795, 798 (Tex.Crim.App. 2005).  We do not resolve any conflict of fact, weigh any evidence, or evaluate the credibility of any witnesses, as this is the function of the trier of fact.  
See Dewberry v. State, 
4 S.W.3d 735, 740 (Tex.Crim.App. 1999)
.  Instead, we determine whether both the explicit and implicit findings of the trier of fact are rational by viewing all the evidence admitted at trial in the light most favorable to the adjudication.  
Adelman v. 
State, 828 S.W.2d 418, 422 (Tex.Crim.App. 1992). 

As charged, to convict Appellant of the offense of unlawful possession of a firearm, the State was required to prove that he (1) intentionally or knowingly (2) possessed a firearm (3) away from the premises where he lived (4) after he had previously been convicted of a felony offense.  
See
 Tex. Penal Code Ann. § 46.04(a)(2) (Vernon Supp. 2008).  Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient amount of time to permit him to terminate his control.  Tex. Penal Code Ann. 6.01(b) (Vernon 2007).  
See Hawkins v. State, 
89 S.W.3d 674, 677 (Tex.App.–Houston [1
st
 Dist.] 2002, pet. ref’d).  Moreover, if a firearm is found on the defendant’s person or in his exclusive possession, the State need not produce evidence to affirmatively link the defendant with the firearm.  
Bates v. State
, 155 S.W.3d 212, 216-17 (Tex.App.–Dallas 2004, no pet.).

Viewing the evidence in a light most favorable to the verdict, the record shows, the .22 caliber revolver was holstered on Appellant’s hip.  Other circumstances show that Appellant regularly drove the truck in connection with work and was driving the truck at the time of the incident.  In addition, the revolver had been in the truck for several weeks while Appellant was driving the truck and Appellant was aware the gun was in the truck when he drove to the quarry.  A rational juror could have found these circumstances sufficient to show Appellant’s knowing possession of the revolver.  Accordingly, we hold that this evidence is legally sufficient to support Appellant’s conviction for felon in possession of a firearm and overrule his first point of error.
(footnote: 3) 
 

II. Factual Sufficiency

When conducting a factual sufficiency review, we must begin with the assumption that the evidence is legally sufficient under 
Jackson
.
(footnote: 4)  
Laster v. State
, ___S.W.3d ___, PD-1276-07, 2009 WL 80226, at *2 (Tex.Crim.App. Jan. 14, 2009).  A conviction is not subject to reversal on the basis of factually insufficient evidence unless: (1) the evidence supporting the conviction is “too weak” to support the factfinder’s verdict, or (2) considering  conflicting evidence, the factfinder’s verdict is “against the great weight and preponderance of the evidence.”  
Id.  
In conducting our factual sufficiency review, we must defer to the jury’s findings and we cannot conclude that the conviction is factually insufficient simply because we might disagree with the jury’s verdict.  
Watson v. State,
 204 S.W.3d 404, 416-17 (Tex.Crim.App. 2006);  
Cain v. State
, 958 S.W.2d 404, 407 (Tex.Crim.App. 1997).  As directed by the Court of Criminal Appeals, in applying our analysis we are guided by at least three “basic ground rules”: (1) we must consider all of the evidence in a neutral light, as opposed to in a light most favorable to the verdict
(footnote: 5); (2) we may only find the evidence factually insufficient when necessary to “prevent manifest injustice”
(footnote: 6); and (3) we must explain why the evidence presented is too weak to support the verdict or why the conflicting evidence greatly weighs against the verdict.
(footnote: 7)  
Laster v. State
, 2009 WL 80226, at *2;  
Sims v. State, 
 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

 
In support of his assertion of factual insufficiency, Appellant points to evidence that he did not own either the revolver or the pickup.  Despite this evidence, the revolver was holstered on his hip and the truck was dedicated to Appellant’s use while he was working for Shada.  Moreover, assuming the revolver was not in plain view and Appellant did not handle the weapon until requested by Williby, Appellant was aware the revolver was in his truck when he drove to the quarry and Williby found the revolver on his person.
(footnote: 8)  

Although Shada offered testimony that conflicted with Williby’s testimony regarding the revolver’s location and testified Appellant had a flashlight in his holster, a jury is in the best position to evaluate the credibility of witnesses, and we are required to afford “due deference” to the jury’s determinations
.  Marshall
 v. State, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006).  It is within the jury’s province to determine witness credibility and demeanor.
  See Cain v. State
, 958 S.W.2d 404, 408-09 (Tex.Crim.App. 1997).  Here, it was within the jury’s province to disbelieve Shada’s testimony regarding the revolver’s location at the time of the incident.

We conclude that the evidence is not so weak that the verdict is clearly wrong and manifestly unjust, and there is no basis in the record for a determination that the great weight and preponderance of the evidence contradicts the jury’s verdict.  
See Watson
, 204 S.W.3d at 417.  We hold the evidence is factually sufficient and overrule Appellant’s second point of error.
 

Conclusion

The trial court’s judgment is affirmed.

Patrick A. Pirtle 

       Justice  

Do not publish.

FOOTNOTES
1:
See 
Tex. Penal Code Ann. § 46.04(a) (Vernon Supp. 2008)

2:
See 
Tex. Penal Code Ann. § 12.42(d) (Vernon Supp. 2008).

3:
The indictment charged Appellant with unlawful possession of a single firearm and the jury was instructed accordingly.  Because the evidence was legally sufficient to convict Appellant for possession of the revolver, we find it unnecessary to consider whether the evidence was likewise sufficient to support a conviction for possession of the second gun,  the Glock.  We note that Appellant did not request that the State elect the act upon which it would rely for conviction and, as such, waived his right to such an election.  
O’Neal v. State, 
746 S.W.2d 769, 771 n.3 (Tex.Crim.App. 1988).  Neither did Appellant object to the State’s evidence related to the Glock and introduced evidence of his own related to the Glock.    

4:
Jackson v. Virginia, 
443 U.S. 307, 33 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

5:
Watson v. State, 
204 S.W.3d at 4
14.

6:
Cain v. State, 
958 S.W.2d at 407.

7:
Watson v. State,
 204 S.W.3d at 414.

8:
The cases relied upon by Appellant are inapposite.  In 
Kyte v. State
, 944 S.W.2d 29 (Tex.App.–Texarkana 1997, no pet.) and 
Collins v. State
, 901 S.W.2d 503 (Tex.App.–Waco 1994, pet. ref’d), there was no evidence that the defendants had any contraband on their persons or were cognizant that contraband was located in the car; 944 S.W.2d at 31, or in the house.  901 S.W.2d at 507.